EVERHARD *v.* DODGE BROS.

1. AUTOMOBILES—NEGLIGENCE—LAW OF ROAD—EVIDENCE—QUESTION FOR JURY.

In an action for damages to plaintiff's automobile caused by a collision with a truck owned by defendant, in view of the law of the road that the driver should go to the center of an intersecting street before turning into it to the left, evidence that defendant's driver turned diagonally to the northeast, causing the collision, *held*, to present a question of fact for the jury as to defendant's negligence.[1]

2. JUSTICES OF THE PEACE—AMENDMENTS ON APPEAL—SUBSTITUTING NEW PARTY.

On appeal from justice's court where suit for damages by collision was brought in the name of the owner of the automobile, the court was in error in allowing an amendment to the declaration to the effect that suit was brought in plaintiff's name as trustee for the insurer, since the effect of the amendment is to bring a new plaintiff into the case without giving defendant an opportunity to litigate his claim in justice's court, contrary to the provisions of section 12353, 3 Comp. Laws 1915.

[1]See notes in 38 L. R. A. (N. S.) 488; 41 L. R. A. (N. S.) 322, 337; 42 L. R. A. (N. S.) 1180; 51 L. R. A. (N. S.) 993.

Error to Wayne; Hart, J., presiding. Submitted April 11, 1918. (Docket No. 70.) Decided June 3, 1918.

Case in justice's court by Althea C. Everhard against Dodge Brothers for damage to plaintiff's automobile. There was judgment for plaintiff, and defendant appealed to the circuit court. Judgment for plaintiff. Defendant brings error. Reversed, and no new trial ordered.

*Frederick J. Ward*, for appellant.

*Vandeveer & Foster*, for appellee.

MOORE, J. This case was commenced in justice's court. It was appealed to the circuit court. From a verdict and judgment in favor of the plaintiff in the sum of $140 the case is brought here by writ of error.

Jefferson avenue is a wide street in Detroit, running east and west, upon which there is a double track street railway line. Bates street is a narrow street with a single track street car line running north and south crossing Jefferson avenue. It was the claim of the plaintiff that while she was driving her electric car west on Jefferson avenue, as she approached Bates street, a large automobile truck coming from the west on Jefferson avenue, driven by an employee of the defendant corporation, as it approached Bates street at a speed of 12 to 15 miles an hour, instead of keeping to the right of the center of the intersection of these streets when it reached Bates street, turned diagonally to the northeast ahead of her car and before she could stop it a collision occurred causing damage to her car which cost $142 to make good. The defendant denied that the truck was going 12 or 15 miles an hour and claims it was going 6 or 7 miles an hour; that it kept to the right of the intersection

of the street, and that, instead of the truck running into the car of plaintiff, she drove her electric car into the truck. The testimony is in sharp conflict. The first question calling for consideration is the claim of appellant that a verdict should have been directed in its favor because of the contributory negligence of the plaintiff. We shall not attempt to recite the testimony, but in view of the law of the road which should be observed by the drivers of automobiles, and the sharp conflict in the testimony we think this feature of the case presented a question of fact for the jury.

The other question calling for consideration is, Did the court err in permitting an amendment to the declaration to the effect that suit was brought in the name of the plaintiff as trustee, for the use and benefit of the Travelers' Insurance Company. The name of the insurance company does not appear in any of the pleadings in justice's court. The car of the plaintiff was insured by this company. The policy had a provision that in case a loss was paid the insured would assign her claim to the insurance company upon request. No assignment had been made at the time of the trial though the insurance company had paid the amount the repairs to the car cost the plaintiff before the suit was begun.

Upon the cross-examination of Mrs. Everhard she gave testimony as follows:

"*Q.* Now, Mrs. Everhard, you were paid your money in this case by the Travelers' Insurance Company?
"*A.* Yes, sir.
"*Q.* And whatever claim you had you turned over to them, didn't you?
"*The Court:* Let her answer, there is no jury here, you may answer.
"*A.* I don't know how to answer that. I don't know as I understand exactly what it means.
"*Q.* Well you have received your money and this

case is now brought for the purpose of reimbursing the insurance company?

"*A.* Yes, sir.

"*Q.* So the only interest you have in it is giving evidence here as to how the accident took place?

"*A.* Yes, sir.

"*Q.* You have no other interest in the case whatever?

"*A.* No.

"*Q.* That is all. * * *

"*Mr. Ward:* Did you authorize any action to be brought for them?

"*A.* No.

"*Q.* And you never have known and don't know now, up to the present time there was any such claim in this suit, did you, Mrs. Everhard?

"*A.* I don't know that I did."

In *Fowler* v. *Hyland,* 48 Mich. 179, as to an appeal commenced in justice's court it was said:

"But when the appeal removed the case to the circuit court it took up the same case that was before the justice. *Cross* v. *Eaton,* decided herewith, *post* 184."

In *Loranger* v. *Davidson,* 110 Mich., at p. 607, it is said:

"The jurisdiction of the circuit court on appeal is appellate only. The appeal transfers to the circuit court the same cause that was before the justice and an amendment cannot be allowed that states a different cause of action from that stated in justice's court," citing several cases.

This case is cited with approval in *Frohlich* v. *Graulick,* 113 Mich. 65. In overruling the motion for a new trial the circuit judge expressed himself of the opinion that, as substantial justice had been done, though he may have erred in granting the amendment, under the judicature act he had the right to allow the judgment to stand.

Counsel for appellant cite from the judicature act as follows:

· "Every action shall be prosecuted in the name of the real party in interest, but an executor, administrator, guardian, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party expressly authorized by statute, may sue in his own name without joining with him the party for whose benefit the action is brought." 3 Comp. Laws 1915, § 12353.

Counsel for the appellee cite *Union Ice Co.* v. *Railway Co.*, 178 Mich. 347, as sustaining the action of the trial judge. A reference to the opinion in that case will show that plaintiff had a substantial interest in the subject matter of the litigation and that the case originated in the circuit court. The practical effect of the amendment to the declaration is to bring a new plaintiff into the case without giving the defendant an opportunity to litigate his claim in the justice's court.

We think the judgment must be reversed without a new trial. Defendant will recover costs.

OSTRANDER, C. J., and BIRD, STEERE, BROOKE, FELLOWS, STONE, and KUHN, JJ., concurred.