HECK v. HENNE.

1. PARTIES—REAL PARTY IN INTEREST—ASSIGNEE OF CLAIM—AC-
TION MUST BE PROSECUTED IN NAME OF REAL PARTY IN INTEREST.
Where an insurance company paid the owner for damages
caused to his automobile by a collision, and took an assign-
ment of the owner's right of action therefor, it was the
real party in interest thereafter, and under 3 Comp. Laws
1915, § 12353, the action therefor could be prosecuted only
in its name.

2. APPEAL AND ERROR—AMENDMENT—DISMISSAL—REAL PARTY IN
INTEREST.
Where, in an action for damages to plaintiff's automobile
and injuries to his person, it appeared that plaintiff had
assigned to an insurance company his right of action for
damages to the automobile, the trial court was in error .
in requiring an amendment to the declaration showing the
insurance company's interest, and, instead, should have
dismissed the action as to its interest because not brought
in its own name as required by 3 Comp. Laws 1915, §
12353.

3. SAME—PARTY MAY NOT COMPLAIN OF FAVORABLE RULING.
Where an action should have been dismissed instead of
requiring an amendment to the declaration showing that
another was the real party in interest, plaintiff may not
complain of the error.

4. SAME—REMARK BY COURT NOT PREJUDICIAL UNDER SUBSE-
QUENT EVIDENCE.
In overruling an objection to a question asked plaintiff, on
cross-examination, as to whether it was the insurance
company that got him to start the action, a remark by
the trial judge that he would "permit that as affecting
the measure of damages, whether he is sincere in claiming
damages," although unfortunate at that stage of the case,
held, justified under subsequent evidence.

¹Parties, 30 Cyc. pp. 44, 47; ²Dismissal and Nonsuit, 18 C. J.
§ 99; ³Appeal and Error, 4 C. J. § 2887; ⁴Id., 4 C. J. § 2927.

5. TRIAL—NEGLIGENCE—PERSONAL INJURIES—QUESTIONS FOR JURY
TO CONSIDER.

In an action for damages to plaintiff's automobile and in-
juries to his person, where he had assigned his claim
for damages to the car to an insurance company, and the
injury to his person was invisible, requiring the testimony
of medical experts to establish it, there was no error in
allowing the jury to consider the effect of his failure to
produce the doctors and others who treated him, and his
inactivity in bringing an action until he had agreed
with the insurance company, six months later, to prosecute
its claim in his name without expense to him, making his
claim a contingent remainder to the company's.

6. APPEAL AND ERROR — ARGUMENT OF COUNSEL—SAVING QUES-
TIONS FOR REVIEW.

In an action for damages to plaintiff's automobile and in-
juries to his person, where an insurance company was
the real party in interest as to the damages to the car,
a statement by defendant's counsel, in his argument to the
jury, that it would be coming out of the pocket of a local
citizen into the coffers of an outside insurance company,
*held*, reversible error, if saved for review.

7. SAME—FAILURE TO REQUEST INSTRUCTIONS.

Where an exception was taken to improper argument of
counsel, but no request made, either at the time or later,
for instructions to the jury to disregard it, it was not saved
for review.

8. TRIAL—IMPROPER ARGUMENT—TRIAL COURT SHOULD INSTANTLY
INSTRUCT THEREON.

It is commendable practice for the court, at the time an
objection is made to improper argument, to set counsel
right, and, by instant instruction, efface the error as far
as possible.

9. APPEAL AND ERROR—VERDICT SUPPORTED BY EVIDENCE NOT DIS-
TURBED.

Where the evidence presented questions of fact for the
jury, and the evidence supports the verdict rendered, it
should not be disturbed, on review.

⁵Trial, 38 Cyc. p. 1743; ⁶Appeal and Error, 4 C. J. § 2939; Trial,
38 Cyc. p. 1507; ⁷Appeal and Error, 3 C. J. § 763; ⁸Trial, 38 Cyc.
p. 1507; ⁹Appeal and Error, 4 C. J. § 2834.

10. TRIAL—CHARGE AS WHOLE—INADVERTENT INACCURACIES COR-
  RECTED.

  Inadvertent inaccuracies in the charge of the court, *held*,
    either corrected in the charge as a whole, or not of a
    nature seriously affecting the result.

11. APPEAL AND ERROR—ERROR IN INSTRUCTIONS NOT CONSIDERED
  BY JURY NOT REVERSIBLE.

  Supreme Court may not plant error upon instructions and
    rules the jury never had occasion to consider.

Error to Saginaw; Snow (Ernest A.), J.    Sub-
mitted January 5, 1927.    (Docket No. 13.)    Decided
April 1, 1927.

Case by Charles A. Heck against Sam A. Henne for
personal and other injuries.    Judgment for defend-
ant.    Plaintiff brings error.    Affirmed.

*Henry C. Walters* (*Cashan P. Head,* of counsel),
for appellant.

*Alfred P. Pierson,* for appellee.

WIEST, J.    Plaintiff owned a Chevrolet sedan, in-
sured against damage from collision by the Victory
Insurance Company of Philadelphia, with right in the
insurance company, in case of collision, damage and
payment thereof, to an assignment of the insured's
right of recovery against a third party to the amount
of the insurance paid.

The morning of June 6, 1922, plaintiff was being
instructed in the operation of the car by the dealer
from whom he had purchased.    The dealer drove the
car several miles in the country and then, desiring to
let plaintiff drive, stopped the car on the proper side
of the highway, and claims warning of the intention
to stop was given by holding out his hand.    A heavy
truck owned by defendant was following close, and
when plaintiff's car stopped the truck collided with

---

[10]Trial, 38 Cyc. p. 1779; [11]Appeal and Error, 4 C. J. § 3026.

it from the rear, damaged the car, and, plaintiff claims, injured him.    Plaintiff claims the driver of the truck was negligent in not paying heed to the signal given of intention to stop, and that, after the signal, the automobile was brought gradually to a stop.    The driver of the truck claims he was following plaintiff's car and there was no signal given of any intention to stop, at least he observed no signal, and the stop was made so abruptly in front of him as to render collision inescapable.    Plaintiff brought this suit to recover damages for injuries to his person and car.    The issues were submitted to a jury, and verdict rendered for defendant.    Plaintiff reviews by writ of error.

When the case first came to trial, it was disclosed that plaintiff had been paid $535.40 by the insurance company for the damage to his car, and had, by assignment to that amount in accordance with the terms of his policy, subrogated the company to his remedy, if any, against defendant.    Counsel thereupon moved to amend the declaration, unless the court would allow plaintiff to consider the entire claim as his own.    The court held that could not be done, allowed the amendment, discharged the jury and continued the case. Later, the amendment showing the interest of the insurance company was made, and the case again came to trial.    Counsel urge error in so requiring amendment.    By assignment before suit, the insurance company was the real party in interest seeking recovery for damage to the automobile.    Plaintiff was the real party in interest, so far as seeking damages for injuries to his person was concerned, except, in case of verdict and judgment, the sum paid him by the insurance company would have to be first satisfied, even if the jury allowed less than was paid him for the damage to the car.

The statute (3 Comp. Laws 1915, § 12353) requires every action to be prosecuted in the name of the real party in interest.    Plaintiff's right of action for

damage to the car was assigned to the insurance company, and, from the date of such assignment, the insurance company was the real party in interest in seeking a recovery. The circuit judge was in error in permitting the amendment. He should have dismissed the suit of the insurance company, so prosecuted in the name of plaintiff. *Waters* v. *Schultz,* 233 Mich. 143; *Cox* v. *Railway,* 234 Mich. 597, and cases there cited. Plaintiff, however, cannot complain of this error. Counsel for plaintiff call attention to *Union Ice Co.* v. *Railway Co.,* 178 Mich. 346, and, while noting that the decision there reported was rendered before the enactment of the statute mentioned, urges applicability under *Everhard* v. *Dodge Bros.,* 202 Mich. 48, and *Grubaugh* v. *Simon J. Murphy Co.,* 209 Mich. 551. The *Everhard Case* went off on another point, and the reference to the *Union Ice Company Case* and the statute of 1915 carried no decision helpful to plaintiff. In the *Grubaugh Case* the court submitted to the jury the question of whether the plaintiff was the real party in interest under the statute of 1915, with an instruction to find for the defendant if the assignment of the claim for damages was absolute and not in the nature of security only.

On cross-examination, plaintiff was asked: "It was the insurance company that got you to start this suit?" The court ruled:

"I sustain the objection. No, I will permit that as affecting the measure of damages, whether he is sincere in claiming damages. I will permit that to stand."

It is claimed this was highly prejudicial, and, in connection with the argument of counsel and instruction to the jury, had the effect of indicating that the court had some reason to doubt the veracity of plaintiff in his testimony concerning his injury and medical expenses. The court instructed the jury:

"Now, in addition to the damage done to plaintiff's car, he claims he was personally injured and that he was permanently injured; that he consulted medical men for the purpose of bringing about a cure. The testimony is, he consulted one regular doctor, one chiropractor, and one osteopath. He has not brought any of those men here. The fact that he has not brought them here may be taken into consideration by you in determining whether or not he is injured and the extent of the injury. He has testified he consulted those men about his injury. And you may give the fact that he has failed to bring those people here such weight as you believe, under the circumstances of the case, it is entitled to. * * * Now, if you are satisfied by a preponderance of the evidence in this case he was injured, and that the injury was the result of this accident, for which the defendant is to blame under the instructions that I have given you, then the plaintiff would be entitled to recover against the defendant."

The injury claimed by plaintiff was not a visible one. That he was injured at all was seriously contested by defendant. The nature of his claimed injury called for the testimony of medical experts to connect his pains and aches with the jolt he received in the collision. The remark in the ruling complained of was unfortunate at that stage of the case, but, under subsequent evidence, was fully justified. The instruction, giving the jury the right to consider the failure of plaintiff to produce the persons who had administered treatment, was not erroneous. *Cooley* v. *Foltz*, 85 Mich. 47; *Vergin* v. *City of Saginaw*, 125 Mich. 499; *O'Connor* v. *City of Detroit*, 160 Mich. 193, 198; *Dowagiac Manfg. Co.* v. *Schneider*, 181 Mich. 538; *Griggs* v. *Railway Co.*, 196 Mich. 258, 266.

On July 15, 1922, the insurance company paid plaintiff $535.40 for damage to his car, and he released and discharged the company from all claim for loss or damage. January 12, 1923, or six months later, plaintiff entered into an agreement with the insurance company, reciting the damage to the car was $635.40; the

company had paid him $535.40; the company desired to recover, through suit or otherwise, that sum from the person liable for causing the damage; that plaintiff also suffered personal injuries and desired to recover damages, and therefore, it was agreed that suit should be brought in the name of plaintiff, the insurance company to advance the expense in so far as it decided to prosecute, and save plaintiff from all costs; recovery, if any, to first pay expenses and attorneys' fees, $25 for "adjusting expenses," interest on the $535.40, paid plaintiff under the policy, and the balance, if any, to be retained by plaintiff. It is noted this agreement fixed the damages to the car $100 more than the insurance company paid plaintiff, and it is claimed plaintiff was the real party in interest to that amount in the suit for damage to the car. We pass the question of splitting the demand for damage to the car. The hand of the insurance company, under absolute control exacted and exercised, the inactivity of plaintiff about any personal injuries until the insurance company linked such claim as a contingent remainder to its claim, assurance of a lawsuit without expense, and failure to produce the persons treating him were all proper subjects for the jury under the issues and evidence, and there was no reversible error in the instruction complained of.

Counsel for defendant overstepped bounds in his argument to the jury, in speaking as follows:

"The court will instruct you that, if there was actual damage to the extent of $500, the insurance company paid that $525, he will say you have to be satisfied to this extent.

"*Simply because that would be coming out of the pocket of a Saginaw citizen and into the coffers of an outside insurance company.*"

This was improper and calls for reversal, if the error may be considered under this record. The record shows an exception was taken, and the court stated:

"You call my attention to that, and I will instruct the jury." We find no subsequent request for or any instruction given on the subject. To save the point for review, it was necessary not only to take an exception, but to also request the court, either then and there, or in final instructions, to instruct the jury to disregard the improper argument. *Spencer* v. *Johnson,* 185 Mich. 85; *People* v. *Maczulski,* 194 Mich. 193; *Walz* v. *Insurance Co.,* 221 Mich. 326; *Genack* v. *Gorman,* 224 Mich. 79.

It is commendable practice for the court, at the time an objection is made to improper argument, to set counsel right, and, by instant instruction, efface the error as far as possible. The rule mentioned regulating review disposes of all exceptions to the argument of counsel.

Plaintiff moved for a new trial on the points we have covered, and also on the ground that the verdict was against the weight of the evidence. The evidence presented questions of fact for the jury, supports the verdict rendered, and we are not inclined to disturb it. The instructions given the jury sufficiently covered the applicable instructions requested. Excerpts, isolated from context, have been considered only in their proper relation to the charge as a whole, and, so taken, disclose that certain inadvertent inaccuracies were either corrected or not of a nature seriously affecting the result. The jury, in finding defendant not guilty, did not reach the question of damages, and we may not plant error upon instructions and rules the jury never had occasion to consider. *Mazzolini* v. *County of Kalamazoo,* 228 Mich. 59. We find no reversible error.

The judgment is affirmed, with costs to defendant.

SHARPE, C. J., and BIRD, STEERE, FELLOWS, CLARK, and McDONALD, JJ., concurred. SNOW, J., did not sit.