### WORTH *v.* WAGNER.

1. ACTION—PERSONAL AND PROPERTY DAMAGE RECOVERABLE IN SINGLE ACTION.
   Both personal and property damage may be recovered in a single action by the injured party.

2. PARTIES—REAL PARTY IN INTEREST—JOINDER OF PARTIES—ASSIGNMENTS.
   Under 3 Comp. Laws 1929, § 14010, requiring actions to be brought in name of real party in interest, injured party who has suffered both personal and property damage may sue for his whole damage, and where insurer has paid and taken an assignment for part of it, the latter may be joined.

3. ACTION—SPLITTING CAUSE OF ACTION—MULTIPLICITY OF SUITS.
   It is policy of this State to discourage multiplicity of suits and to require all damages from a wrong to be assessed by the same jury and in the same action.

Error to Calhoun; Hatch (Blaine W.), J. Submitted June 12, 1931. (Docket No. 146, Calendar No. 35,063.) Decided October 5, 1931.

As to whether injuries both to person and to property constitute but one, or more than one, cause of action, see annotation in 50 L. R. A. 161; 36 L. R. A. (N. S.) 240; 51 L. R. A. (N. S.) 319.

Case by Glenn Worth and Wolverine Insurance Company against Timothy Wagner and others for personal injuries and property loss. From order dismissing cause for misjoinder, plaintiffs appeal. Reversed.

*George A. Winkler* and *Dean W. Kelley,* for plaintiffs.

*Howard W. Cavanagh* and *Walter P. North,* for defendants Wagner.

FEAD, J. This is appeal from a judgment dismissing the cause for misjoinder of parties plaintiff. The action is for damages for personal injuries and property loss in an automobile collision covered by an insurance policy. The declaration is not quite specific, but apparently intends to charge that the property loss has been paid plaintiff Worth by plaintiff Wolverine Insurance Company and the latter has been subrogated to Worth's right of action for property damage. As presented by counsel, the question is upon the construction of Act No. 271, Pub. Acts 1929 (3 Comp. Laws 1929, § 14010), amending the statute requiring actions to be brought in the name of the real party in interest by adding:

"Provided further, That where an assignment of a part of a cause of action in tort has been made by an assured to an insurer, both assignor and assignee may join in an action on such claim, and a joint judgment shall be rendered for all the damages to which either or both may be entitled."

Defendants contend the declaration alleges two separate causes of action, one for personal injuries and one for property damage, although they arose out of the same acts of negligence; and the statute applies only when suit is brought for property dam-

age alone, because it is only part of such cause of action which is assigned to the insurer. This contention would require separate actions for personal and property damage in all cases where an insurer pays and takes assignment for property loss, and the statute would not apply where the insurer pays the whole property loss. Plaintiffs say the cause of action is single. The question is interesting, but we do not think it is directly involved here, because of the purpose and evident intent of the statute.

There is no doubt of the proposition that both personal and property damage may be recovered in a single action by the injured party. In *Heck* v. *Henne*, 238 Mich. 198, it was held that where an insurer pays the property damage and takes an assignment of the insured's right of action therefor, they could not be joined as plaintiffs. The statute was designed to permit such joinder. It does not assume to change the rule that both kinds of damages may be recovered in the same action, nor affect the suit other than as to the party in interest.

It is permissive and remedial. Giving it force to effectuate its purpose, we think it allows the injured party to sue for his whole damage, and if an insurer has paid and taken an assignment for part of it, the latter may be joined. This construction is particularly persuasive because it preserves the long-established policy of the State to discourage multiplicity of suits and to require all damages from a wrong to be assessed by the same jury and in the same action.

Judgment reversed, and the cause remanded for further proceedings, with costs to plaintiffs.

BUTZEL, C. J., and WIEST, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred. NORTH, J., did not sit.