SOLOMON v. RYDER.

1. PARTIES—REAL PARTY IN INTEREST—MOTOR VEHICLES—INSURANCE—ACTION.

Action brought before passage of Act No. 271, Pub. Acts 1929 (3 Comp. Laws 1929, § 14010), by plaintiff injured in automobile collision, for herself and as trustee of insurance company, which had paid for automobile, could not be maintained, since it was not brought in name of real party in interest (3 Comp. Laws 1915, § 12353).

2. SAME—WAIVER.

Where, in said action, counsel for plaintiff and insurance company waived all claim for damages for loss of car, court properly permitted case to proceed, resulting in verdict awarding damages solely for personal injuries sustained by plaintiff.

3. SAME.

Defendant's claim that plaintiff's engagement to pay insurance company certain amount, although jury might not have awarded said amount for loss of car, renders insurance company party in interest notwithstanding waiver of claim therefor, held, without merit.

4. MOTOR VEHICLES—EVIDENCE.

In action for personal injuries caused by automobile collision, admission of testimony by plaintiff's witness that he did not see accident, but heard crash, went out, found car on fire, did not look for skid marks, but later same day saw person painting skid marks on pavement, who, it was later disclosed, was defendant's son, held, not reversible error, although it might not have much probative value.

Appeal from Wayne; Sprague (Victor D.), J., presiding. Submitted January 20, 1932. (Docket No. 187, Calendar No. 36,291.) Decided March 2, 1932.

Case by Bertha Solomon, individually and as trustee, against Charles Ryder for injuries to her person and automobile. Verdict and judgment for plaintiff. Defendant appeals. Affirmed.

*Colombo, Colombo & Colombo,* for plaintiff.

*Charles C. Conklin (Don W. Van Winkle* and *Perry W. Richwine,* of counsel), for defendant.

WIEST, J. In an automobile accident plaintiff's car was destroyed and she received personal injuries. The automobile was insured and the insurer paid plaintiff the loss, and, by writing, constituted plaintiff its trustee to have recovery from defendants along with her damages for personal injuries. Plaintiff filed a declaration, alleging that she brought suit for herself and as trustee. It developed at the trial that, for damages to the automobile, she was trustee for the insurance company. Suit was brought before the passage of Act No. 271, Pub. Acts 1929 (3 Comp. Laws 1929, § 14010), permitting joinder.

Defendants moved the court to dismiss the case on the ground that the action was not brought in the name of the real party in interest, relying upon 3 Comp. Laws 1929, § 14010, and the authority of *Waters* v. *Schultz,* 233 Mich. 143; *Heck* v. *Henne,* 238 Mich. 198; *McPeake* v. *Railway Co.,* 242 Mich. 676; *Grubaugh* v. *Murphy Co.,* 209 Mich. 551; *Michigan Employers Casualty Co.* v. *Doucette,* 218 Mich. 363; *Cox* v. *Railway,* 234 Mich. 597; *National Liberty Ins. Co.* v. *Foth,* 254 Mich. 152; *Worth* v. *Wagner,* 255 Mich. 433. Also that plaintiff had split her cause of action. Thereupon counsel for plaintiff and the insurance company waived all claim for damages for loss of the car, and the court permitted the case

to proceed, and the jury rendered a verdict award-
ing damages solely for personal injuries sustained
by plaintiff.

Had plaintiff stood upon the declaration it would
have been the duty of the court, under the author-
ities cited, to have dismissed the action. The waiver
by plaintiff, and the representative of the insurance
company, of claim for loss of the car, made continu-
ance of the action single in purpose and the plain-
tiff the only party in interest.

But, it is said, that the engagement between plain-
tiff and the insurance company obligated her to pay
$750 out of any verdict rendered under the declara-
tion as first filed, and the jury might not have
awarded the amount of $750 for loss of the car, and,
in such event, the insurance company was a party in
interest in any recovery by plaintiff. This is rather
speculative, and, we think, fully met by the waiver
of right to recover any damages for the loss of the
car.

The facts attending the accident are fully set forth
in *Hoban* v. *Ryder, ante,* 188, and obviates the need
of a restatement.

A witness, called in behalf of plaintiff, testified
that he did not see the accident but heard the crash
and went out, found the car on fire, but did not look
for any skid marks, although after the accident he
saw a person painting skid marks on the concrete
pavement. Admission of this testimony, it is
claimed, was error. The testimony of the witness
further disclosed that the person painting the skid
marks was the son of defendant Charles Ryder, and
that the painting was done the same day of the acci-
dent. Perhaps the testimony did not have much
probative value, but we cannot hold that its admis-
sion constituted reversible error.

Defendants' liability has been affirmed by our opinion in the *Hoban Case.*

We find no reversible error, and the judgment is affirmed, with costs to plaintiff.

Clark, C. J., and McDonald, Potter, Sharpe, North, Fead, and Butzel, JJ., concurred.