[File No. 7262]

R. W. HERMES, Respondent, v. LLOYD MARKHAM and City Cab Company, a Corporation, Appellants

(49 NW2d 239)

Opinion filed September 8, 1951

*J. K. Murray,* for appellant.

*John A. Zuger,* for respondent.

GRIMSON, J. This is an appeal from an order of the district court denying the defendant's motion for leave to serve and file a proposed amended answer. The action is one for damages growing out of an automobile collision. The complaint sets forth that the defendant, Markham, was the driver of a taxicab owned by the defendant, City Cab Company, and alleges that a collision between defendant's taxicab, driven by Markham, and the plaintiff's car driven by himself occurred through the carelessness and negligence of the defendant, Markham, and that by reason thereof the plaintiff was damaged in the sum of $2,680.00. The original answer was a general denial except for an admission of the accident. The case came on regularly for trial at the December 1950 term in Burleigh County. Towards the end of that trial, on motion of the defendants, a mistrial was declared. Shortly thereafter, William S. Murray, the attorney who had prepared the answer and the case for trial was recalled into the military service. Thereupon his partner, J. K. Murray, took charge of the case and upon investigation prepared the proposed, amended answer alleging contributory negligence and that plaintiff was not the real party in interest. He also set up a counterclaim. He made a motion for leave to serve and file said proposed, amended answer. The plaintiff appeared in opposition to that motion and the court, on April 10, 1951, denied it. Defendant's attorney then filed a petition for a rehearing but before any action was taken thereon he, on the 5th day of May 1951, duly served and filed this appeal from the order denying the leave to serve and file the amended answer.

After the appeal the trial court on May 9, 1951, made a further order, purportedly on the petition for rehearing, allowing the proposed, amended answer so far as it set up contributory negligence and a counterclaim but denying that part of the answer which set up that the plaintiff is not the real party in interest.

This last order of the trial court is void for a lack of jurisdiction in the district court to entertain the matter after an appeal had been taken from the original order. The appeal from the original order is not affected by that last order and is pend-

ing before us on the merits. In Getchell v. Great Northern Railway Company, 22 ND 325, 133 NW 912, an application was made to the district court to be relieved from a default judgment. It was denied and an appeal taken. Pending the appeal an application was made to the district court to vacate the order appealed from. This court held: "The trial court had no jurisdiction to pass upon the same matters again pending the appeal." See also, Moore v. Booker, 4 ND 543, 62 NW 607; Weigel v. Powers Elevator Co., 50 ND 776, 780, 198 NW 121; 14 Am Jur Courts, Sec 195, p 388.

Plaintiff contends that the order of the district court denying the application for leave to file an amended answer is not appealable under the allegations in the amended answer. Sec. 28–2702 NDRC 1943, subsection 5, provides that "An order which involves the merits of an action or some part thereof may be carried to the Supreme Court." If the proposed amended answer raises a defense that involves the merits of the case, the order denying it is appealable, Bolton v. Donavan, 9 ND 575, 84 NW 357; Stimson v. Stimson, 30 ND 78, 152 NW 132; La Duke v. Wylie Co., 77 ND 592, 44 NW2d 204.

As a general rule amendments to pleadings are allowed in the interest of justice with great liberality. That is essential in order to allow a fair and full investigation of the matters in issue. In Martin v. Luger Furniture Co., 8 ND 220, 77 NW 1003, this court holds:

"The authority vested in Courts under the law to allow amendments to pleadings is conferred to promote the ends of justice, and should therefore be liberally exercised by the Courts, and, in cases of reasonable doubt about the propriety of an amendment, the better and safer practice is to allow the amendment to be made. The controlling principle, is, or should be, whether a proposed amendment, if allowed, would further the ends of justice." See also, French v. State Farmers Mutual Hail Ins. Co., 29 ND 426, 151 NW 7; Sheimo v. Norqual, 31 ND 343, 153 NW 470; Northwestern Mutual Savings & Loan Asso. v. White, 31 ND 348, 153 NW 972, 41 Am Jur Pleading, Sec 292, p 490.

The first matter for consideration on a motion for leave to

file an amended pleading is whether there is a reasonable excuse for not having the matter therein proposed included in the original pleading. In Beauchamp v. Retail Merchants' Ass'n., 38 ND 483, 165 NW 545, this court affirmed the district court's refusal to allow an amendment on the grounds that the affidavit in support of the application "presented no excuse whatever for the failure to assert the defense in the original answer." See also 49 CJ Pleading, Sec 728, p 543, 41 Am Jur, Pleading Sec 294, p 492.

On his application for leave to file the amended answer the attorney for the defendant filed his affidavit showing that he did not handle this matter when the original answer was drawn nor when the case had been up for trial. Not until after Wm. S. Murray, who had had the matter in charge, was called into the service did affiant become acquainted with the matter. He then, according to his affidavit, investigated the circumstances and learned of the new defense set up in the amended answer. He alleges neither the defendants nor said Wm. S. Murray knew of that new defense. As to that there is no counter showing. Under the circumstances the excuse given was sufficient.

In the case of Kirstein v. Madden, 38 Cal 158, it is said: "From oversights of counsel, committed under pressure of business, pleadings are often defective. In such cases, when an offer to amend is made, at such a stage in the proceedings that the other party will not lose an opportunity to fairly present his whole case, amendments should be allowed with great liberality." There was no term of the district court of Burleigh County pending at the time this application was made. The plaintiff had sufficient time to prepare to meet any new defenses.

Next, consideration must be given to the nature of that amended answer to the extent of determining whether it is frivolous, sham technical or immaterial and merely for the purpose of arousing prejudice.

Plaintiff's objection is to Paragraph 3 of the proposed amended answer. That paragraph reads as follows:

"That at all times herein mentioned the plaintiff carried damage insurance covering all loss to his automobile, with the Na-

tional Farmers Union Automobile and Casualty Company; that after the collision aforementioned the said insurance company adjusted the damages of the plaintiff in the sum of Six Hundred Eighty-seven and 74/100ths. Dollars ($687.74) and paid the plaintiff for his damages, the sum of Six Hundred Thirty-seven and 74/100ths. Dollars ($637.74); that the said insurance policy of the said insurance company insuring the plaintiff contained a subrogation clause providing among other things, that upon payment of such damages by said insurance company, the said insurance company would become subrogated to the plaintiff's claim for damages against any wrongdoer causing same; that upon the payment of said damages by said insurance company the plaintiff assigned, transferred and set over to the National Farmers Union Automobile and Casualty Company all claims and causes of action of whatsoever kind and nature which the plaintiff had then or may thereafter have against any person as a result of the loss sustained by the plaintiff and adjusted and paid by the said insurance company and the said plaintiff assigned to the said insurance company the right and power to enforce such claim for damages against any such third person causing loss, in such a manner as the insurance company would elect; that by reason of said assignment and said subrogation the plaintiff is not the real party in interest and had no cause of action for damages against these defendants at the time he commenced said action; that all causes of action for said damages to said automobile were at all times after the payment by said insurance company owned by said insurance company; that the said insurance company retains the right under said assignment and subrogation to maintain an action in its own behalf against these defendants; that the amount which said insurance company paid the plaintiff was the damages in full."

The attorney for plaintiff on the hearing on defendant's request for permission to file and serve this amended answer presents his affidavit setting out in full the assignment made by the plaintiff to the insurance company. He argues that under it the plaintiff is still the real party in interest and the insurance company not a necessary or interested party.

That raises the question whether the court, on a motion of this kind, should consider the truth of the proposed amended pleading. We have come to the conclusion that on such hearing the truth of such pleading must be assumed.

On a demurrer the rule is to consider the allegations of the pleading as true. The same rule is applied on a motion to strike a portion of the pleading. That was the rule applied to a garnishment affidavit in the case of Park, Grant & Morris v. Nordale, 41 ND 351, 170 NW 555. That was the rule followed in Gimble v. Montana-Dakota Utilities Co., 77 ND 580, 44 NW2d 198. The reasons for that rule apply as well to a proposed amended pleading. The purpose of a pleading is to set forth the issues. The only question is whether a real issue is set forth. The merits of the issues presented are not ordinarily determined on such a hearing. 49 CJ Pleading, Sec 729, p 543, 41 Am Jur, Pleading Sec 294, p 492.

In the case of DePue v. McIntosh, 26 SD 42, 127 NW 532, the South Dakota Court held that: "The sufficiency of an amended answer is not properly before the court on a motion for leave to file it." In the case of Euster v. Standard Acc. Ins. Co., 139 Pa Super 6, 10 Atl 2d 877, the Pennsylvania Court held: "The court, in resolving question of plaintiff's right to amend statement of claim, was bound to accept as true every relevant fact sufficiently averred in proposed amended statement of claim, every inference fairly deducible therefrom, and every effect of which the court could take judicial notice." In the case of Pacific Mill Co. Ltd. v. Inman, Poulsen & Co., 50 Ore 22, 90 P 1099, the court said:

"If it (the amended pleading, sets up a new defense . . . it is sufficient, and this will be determined by an inspection of the pleadings . . . To try out upon affidavit the truth of the amended pleading would be to usurp the province of the jury, and in fact determine the merits by affidavit. . . . The safer and better rule is that the truth or falsity of the amended pleading must be determined from the record and cannot be tried out upon affidavit when making up the issues." (Citing cases.)

In Gjerstadengen v. Hartzell, 8 ND 424, 429, 79 NW 872, this court speaking through Judge Young, said: "The paragraph

now under consideration was good in form, and it created an issue upon a material allegation of the complaint. Neither the pleadings, nor public record, nor the doctrine of presumptive knowledge marked it as false. The issues of fact thus created by such a sworn denial should stand until determined in the regular way and must not be prejudged upon affidavits." The allegations in the proposed amended answer bring it within the rule.

Paragraph 3 of the proposed answer alleges: "That the amount which said insurance company paid the plaintiff was the damages in full," and further, "That upon the payment of said damages by said insurance company plaintiff assigned, transferred and set over to the National Farmers Union Automobile and Casualty Company, all claims and causes of action of whatsoever kind and nature which the plaintiff had then or may thereafter have against any person as a result of the loss sustained by the plaintiff and adjusted and paid by the said insurance company and the said plaintiff assigned to the said insurance company the right and power to enforce such claim for damages against any such third person causing loss in such a manner as the insurance company would elect."

According to these allegations the insurance company has paid plaintiff's damages in full, and plaintiff has assigned to it his entire right of action. The insurance company under that allegation is the only one who has an interest in the matter in issue and the plaintiff has no right to bring suit thereon. That is an issue that goes to the merits of plaintiff's complaint against the defendants. Paragraph 3 sets forth a new affirmative defense, namely, that the plaintiff, because of his assignment of his claim and right of action under it to the insurance company, is not the real party in interest. That is not a technical or sham defense. If proven, it is material to the rights of the defendant under the issues raised by the complaint. A similar defense was pleaded in the case of Gimble v. Montana-Dakota Utilities Co., 77 ND 581, 44 NW2d 198, and held by this court to set forth a good defense. This court further held in LaDuke v. Wylie Company, 77 ND 592, 44 NW2d 204, that such

a defense was not provable under general denial but had to be specially pleaded.

Where the insurer has made payment in full of the insured's loss it is generally held that the insurer is the real party in interest and must bring the action. Sec. 28–0201, NDRC 1943. See Anno 96 ALR 876, and cases cited. In Subscribers, etc., v. Kansas City Public Service Co., 230 Mo App 468, 91 SW2d 227, the court cites the authorities on who shall be plaintiff in subrogation actions and holds that insurer may maintain an action in his own name, "where it has paid insured the full damage sustained by him and insured's cause of action against the person causing the damage is assignable." In Flor v. Buck, 189 Minn 131, 248 NW 743, the court says: "Of course, if plaintiff had in fact disposed of all his interest in the case, as defendant alleged, he was no longer the real party in interest." Purdy v. McGarity, NY Sup Ct Appellate Div 30 NYS2d 966, was an action for damages to an automobile. The court held that the allegation that plaintiff divested himself of his cause of action in favor of his insurer to which plaintiff assigned all his right, title and interest in the alleged cause of action constituted a good defense if established on trial, since an action must be prosecuted in name of real party in interest. See also Yezek v. Delaware, L. & W. R. Co., 28 NYS2d 35; Scarborough v. Bartholomew, 22 NYS2d 635; Solomon v. Ryder, 257 Mich 193, 241 NW 242, 6 Blashfield's Cyc. of Automobile Law and Practice, Subrogation, Secs. 4181 to 4191, pages 415 to 449; Cunningham & Hinshaw v. Seaboard Airline Railway, 139 NC 427, 51 SE 1029, 2 LRA NS 921.

As we interpret the allegations of Paragraph 3 of the proposed amended answer they are to the effect that the plaintiff has no interest in the subject matter of the law suit and is therefore not the real party in interest. The defendant has the right to litigate the matter involved with the real party in interest. Whether that is the plaintiff or the insurance company raises a material issue in the law suit.

No contention is made on this appeal that the defendant was not entitled to amend his answer to set up contributory negli-

gence and a counterclaim. The issues thus raised also go to the merits of the case.

The defendant should have been allowed to serve and file his proposed, amended answer.

The order of the district court is reversed and the case remanded.

MORRIS, Ch. J., CHRISTIANSON, SATHRE and BURKE, JJ., concur.