## CHUNKO *v.* LeMAITRE.

1. AUTOMOBILES—STOPPING ON HIGHWAY—QUESTION FOR TRIER OF FACT.

A driver stopping on a highway has a common-law, as well as a statutory, duty to first see that the stop can be made in safety, and the question of whether the statutory duty was performed is a question of fact (CLS 1961, § 257.648).

2. SAME—NEGLIGENCE—MULTI-CAR COLLISION—DIRECTED VERDICT.

Directed verdict of no cause of action for defendant in action by plaintiff for damages sustained when plaintiff avoided striking defendant's car when defendant made a quicker-than-usual stop in center lane of busy highway but was hit from behind by a third person and forced into defendant's car *held*, error, because the fact plaintiff avoided hitting defendant does not necessarily mean defendant was completely blameless for the resulting damages, and the issue should have gone to the trier of the facts.

3. JUDGMENT—RES JUDICATA—INFERIOR COURT.

Valid decisions of inferior courts can be *res judicata* as a general rule.

4. ACTION—COURT RULES—JOINDER OF PARTIES—REAL PARTY IN INTEREST.

Purpose of court rules providing for necessary joinder of parties and providing that every action shall be prosecuted in

REFERENCES FOR POINTS IN HEADNOTES

[1] 8 Am Jur 2d, Automobiles and Highway Traffic § 770 *et seq.*
Sudden or unsignaled stop or slowing of motor vehicle as negligence. 29 ALR2d 5.
[2] 8 Am Jur 2d, Automobiles and Highway Traffic § 772.
[3] 30A Am Jur, Judgments § 337.
[4] 1 Am Jur 2d, Actions §§ 146–149.
[5, 6] 1 Am Jur 2d, Actions § 132.
[7] 30A Am Jur, Judgments § 333.
[8] 53 Am Jur, Trial § 512 *et seq.*

the name of the real party in interest is to recognize that a single tort claim can be split and to provide that each party holding an interest shall have a right to his day in court, but at the same time allowing a defendant to protect himself from vexatious litigation by a timely objection to nonjoinder of necessary parties (GCR 1963, 201.2, 205).

5. SAME—COURT RULES—SPLITTING CAUSE OF ACTION—TIMELY OBJECTION.

Failure of defendant to make timely assertion that separate suits violate the rule against splitting of action is a waiver of right to make such an objection (GCR 1963, 201.2, 205).

6. SAME—COURT RULES—SPLITTING CAUSE OF ACTION—WAIVER OF RIGHT TO RAISE ISSUE.

Defendant who allowed action for property damage by insurance company, as subrogee of plaintiff, to proceed to conclusion while plaintiff's personal injury suit was pending waived his right to raise the issue of splitting of cause of action (GCR 1963, 201.2, 205).

7. SAME—AUTOMOBILE COLLISION—PROPERTY DAMAGE—SUBROGEE.

Action in common pleas court for property damage in automobile collision by insurer as subrogee of an insured who also suffered personal injury in the collision was not *res judicata* in the circuit court personal injury action of insured, where defendant did not object at the time common pleas action was started, after action in circuit court had been started (GCR 1963, 201.2, 205).

8. TRIAL—SETTLEMENT—JURY.

The jury should be informed when action against 1 of 2 defendants was dismissed upon stipulation after settlement.

Appeal from Oakland; Beer (William J.), J. Submitted Division 2 October 3, 1967, at Lansing. (Docket No. 2,614.) Decided March 29, 1968.

Complaint by Gerald and Jean Chunko against Richard LeMaitre and Gerald Brown to recover for injuries sustained in automobile accident. Complaint against Gerald Brown dismissed on stipulation. Defendant's motion for accelerated judgment denied. Directed verdict and judgment for

defendant. Plaintiffs appeal, and defendant cross-appeals. Judgment on directed verdict reversed and remanded.

*A. T. Lee,* for plaintiffs.

*Patterson & Patterson, Barrett & Whitfield (Gerald G. White,* of counsel), for defendant.

McGregor, P. J. This appeal is from a directed verdict of no cause of action. The defendant below filed a cross-appeal from a denial of a motion for accelerated judgment on another issue, in an apparent strategy to secure the results he desired, regardless of the outcome of the original appeal.

On April 1, 1964, the plaintiff wife and defendant were drivers of two of the automobiles involved in a three-car auto accident on a busy urban street. Defendant undisputedly came to a quicker-than-usual stop in the centermost lane of the westbound lanes on this multi-lane main artery of traffic. Plaintiff wife, who was driving the auto immediately behind the defendant, was able to avoid striking defendant's auto by rapidly applying the brakes and turning slightly into the next westbound lane. If there had been but these two autos on the street, no collision would have occurred. However, a third westbound auto crashed into the rear of plaintiffs' auto and forced it into the rear of defendant's auto. Therefore, instead of a near miss of a collision, what resulted was a three-car collision with substantial property damage to the autos and claimed personal injuries.

Action was commenced in Oakland county in September, 1964, against both the defendant and the third party. In April, 1965, the case against the third party was dismissed upon stipulation, after

an out-of-court settlement. In December, 1965, the insurance company—subrogee of the plaintiffs in this action—brought an action in the common pleas court for the city of Detroit against the defendant in this action and the third party, for property damages. The common pleas action resulted in a ruling of no cause of action against the defendant here, and fixed liability only upon the third party. The defendant made a motion for accelerated judgment on the theory that the common pleas action was *res judicata*. This motion was denied. After the opening statements of counsel in the trial of this case, defendant made a motion for a directed verdict of no cause of action. A directed verdict was granted by the trial judge, who gave the following opinion:

"From this and the opening statement wholly speaking, the [defendant's] car came to a sudden stop. This was followed by the stopping of the [plaintiffs'] car behind, and the [defendant's] and [plaintiffs'] vehicles did not collide. If there had been no [third party] car, there would be no case in court between [defendant] and [plaintiffs]. There is a case in court because the [third party] car admittedly, after the stop and non-contact of the [defendant's] and [plaintiffs'] cars, collided with the [plaintiffs'] car, forcing it into the stopped [defendant's] car.

"On this version of the facts which I believe is that alleged and portrayed by the plaintiffs, the motion must be granted as a matter of law, and it is.

"I am reluctant to grant the motion, because courts no more have a right to invade the province of the triers of the facts than do the triers of the facts to invade the province of the judge in the law. Certainly, I recognize if the [plaintiffs'] car had suffered damage because of a sudden, illegal, stop of the [defendant's] car, then that could be a prox-

imate cause contended for in liability. But then I
reflect upon the fact that the [defendant's] and
[plaintiffs'] cars stood there without harm to each
other, whether for seconds or longer, and then the
damage began flowing and was occasioned when
the [third party's] car collided with the [plaintiffs']
car."

Plaintiffs challenge the ruling that as a matter of
law the defendant was not guilty of negligence which
was the proximate cause of the accident, because
plaintiff wife was able to avoid a collision with the
defendant. Plaintiffs therefore seek a new trial, in
which the negligence of the defendant and its causal
relationship to the accident would go to the trier
of the facts. In the event of a reversal on the basis
of plaintiffs' theory, defendant's cross-appeal would
renew the theory that the circuit court action was
controlled by the common pleas case under the prin-
ciples of *res judicata* and the rule against splitting
causes of action.

On the first issue, the defendant's brief concen-
trates on the facts and is totally devoid of legal
citations. While defendant's treatment of this issue
is not conclusive proof that no precedents were
available to him to buttress his argument, the cases
decided on this issue are markedly one-sided.* A
driver stopping on the highway has the statutory
duty to first see that the stop can be made in safety,
CLS 1961, § 257.648 (Stat Ann 1960 Rev § 9.2348),
with the question of whether the statutory duty
was performed being a question of fact. *Linaberry*
v. *LaVasseur* (1960), 359 Mich 122; *Rossien* v. *Berry*
(1943), 305 Mich 693. Even in the absence of a
statute there is a common-law duty of ordinary
care in operating a motor vehicle which would re-

---

* For an impressive collection of precedent on this issue, see Anno-
tation, Sudden or unsignaled stop or slowing of motor vehicle as negli-
gence, 29 ALR2d 5 (1953).

quire due care in stopping. In this era of crowded urban streets and thoroughfares, it is error to consider, in vacuum-like manner, only the actions of the first two autos involved in a multi-auto collision. The mere fact that the plaintiff wife was able to avoid striking defendant's auto does not necessarily mean that the defendant is completely blameless for the damages which resulted to the plaintiffs. This issue should have gone to the trier of facts and it was error to keep it from so doing.

A closer question is presented on the issue of whether the previous common pleas case served as a bar to this case through estoppel by judgment. There is little question that the general rule is that valid decisions of inferior courts can be *res judicata,* see 50 CJS Judgments § 689, p 146, and in order to avoid vexatious multiple suits against defendants there is a deeply ingrained bias in the law against splitting of actions. *Jones* v. *Chambers* (1958), 353 Mich 674. It is also recognized that the rule against splitting of actions is at odds with the modern insurance practice of assignments of claims to insurance carriers. This case is fairly typical of the standard practice in these matters, that is, the insurance companies have proceeded to a conclusion of the property damages by use of the simplified procedures of common pleas court while the personal injury claim awaited what is the relatively slow process of litigating a personal injury suit in circuit court. Michigan courts have long recognized that these modern insurance subrogation practices are often a more satisfactory method of adjudicating the legal questions raised by automobile accidents involving both property damage and personal injuries. See *Republic Automobile Insurance Company* v. *Maedel* (1931), 253 Mich 663; *National Liberty Insurance Company* v. *Foth* (1931), 254

Mich 152; *Heck* v. *Henne* (1927), 238 Mich 198; also
see 2 Callaghan's Michigan Civil Jurisprudence,
Automobiles and Motor Vehicles, § 213 at p 268.
More recently, this problem has been handled in
Michigan by court rules, GCR 1963, 201.2 and 205.
The committee note on GCR 1963, 205 presents a
very informative and interesting essay on the back-
ground and rationale for the rules of joinder of
insured and insurer. 1 Honigman & Hawkins, Mich-
igan Courts Rules Annotated (2d ed), committee
comment (3), pp 541–544. As pointed out by the
committee comment on page 543, the purposes of
the court rules in this area are to recognize that a
single tort claim can be split and to provide that
each party holding an interest shall have a right
to his day in court, but at the same time, allowing
a defendant to protect himself from vexatious liti-
gation. This result is accomplished by GCR 1963,
201.2 and 205 working together to provide that the
defendant must make a timely assertion of the
position that separate suits violate the rule against
splitting of actions. If the defendant fails to make
such a timely assertion he waives the right to make
such a claim; in effect, the defendant acquiesces in
splitting causes of action by not raising timely ob-
jection. The time for this defendant to have raised
objections to the splitting of causes of action was
when the common pleas action was filed. By allow-
ing that action to proceed to a conclusion while the
personal injury suit was pending, the right to raise
the issue of splitting a cause of action was waived.
Under the facts of this case the common pleas case
concerning property damages was not *res judicata*
in the circuit court personal injury action. To hold
otherwise would prevent a real litigation of the per-
sonal injury claim, would be contrary to the logic
and reality of automobile accident subrogation law,

and would ignore the complex court rules which were designed to meet this very situation.

Also raised is the issue of whether it was proper for the jury to know of the settlement with the third party. The precedent of this state is that it was not only proper, but that the jury should be informed of such a settlement. *Larabell* v. *Schuknecht* (1944), 308 Mich 419; *King* v. *Greyhound Corporation* (1966), 4 Mich App 364.

The judgment of no cause of action is reversed and this case is remanded for a new trial. Costs to plaintiffs-appellants.

LEVIN and QUINN, JJ., concurred.