MARTIN v JOHNSON

Docket No. 30075. Submitted June 10, 1978, at Detroit.—Decided December 5, 1978.

Plaintiff Tony Martin and defendant Juanita Johnson were involved in an automobile accident wherein Martin sustained both physical injury and property damages. Martin's insurer, Motors Insurance Corporation, paid him for the property damages to his automobile and, therefore, became subrogated to Martin's claim for property damages. Motors Insurance Corporation, as Martin's subrogee, thereafter filed suit in the Common Pleas Court of Detroit to recover from Johnson. Johnson's motion to have Martin joined as a party plaintiff in that action was denied and a judgment of no cause of action was rendered. Martin then instituted the present circuit court action against Johnson to recover for the damages from personal injuries which he allegedly sustained in the accident. Johnson moved for accelerated judgment, citing the prior common pleas adjudication and Martin's failure to join in that suit. The Wayne Circuit Court, Thomas Roumell, J., denied the motion on the ground that Martin's suit was not barred by the prior adjudication because he was neither a party nor in privity with any party to that action. Defendant appeals, by leave granted. *Held:*

1. The propriety of the Common Pleas Court's decision to deny the defendant's motion to join Martin in such action is not subject to collateral attack on appeal since the denial of such motion was never appealed by the defendant.

2. The common law rule against splitting a cause of action has been replaced by GCR 1963, 205.1, regarding the necessary joinder of parties; since joinder is mandatory rather than permissive, the rule makes it obvious that such joinder is required for the benefit of the opposite party and thereby

REFERENCES FOR POINTS IN HEADNOTES

[1, 4] 1 Am Jur 2d, Actions §§ 100-126.

[2] 1 Am Jur 2d, Actions §§ 118-132.

[3, 5] 1 Am Jur 2d, Actions §§ 100-132.

[6] 1 Am Jur 2d, Actions §§ 66, 72.

places the burden of objecting to misjoinder on the opposite party.

3. The action in common pleas court by an insurer for property damages as subrogee of an insured, who also suffered personal injury in the collision, is not res judicata in the circuit court action brought by the insured seeking damages for the personal injuries suffered.

Affirmed.

1. ACTION—CAUSES OF ACTION—TORTS.

Michigan law considers two causes of action to comprise but one cause of action where both causes arise out of one tortious act.

2. ACTION—CAUSE OF ACTION—SPLITTING CAUSES—COMMON LAW RULE—PARTIES—JOINDER OF PARTIES—MISJOINDER—COURT RULES.

The common law rule against splitting a cause of action has been replaced by the court rule regarding the necessary joinder of parties; since joinder is mandatory rather than permissive, the rule makes it obvious that such joinder is required for the benefit of the opposite party and thereby places the burden of objecting to misjoinder on the opposite party (GCR 1963, 205.1).

3. ACTION—PARTIES—JOINDER—FAILURE TO JOIN—WAIVER—SPLITTING CAUSE OF ACTION—COURT RULES.

The general rules of pleading provide that a lack of objection to a failure to join a party in an action results in a waiver of the defense of failure to join and, therefore, would allow a cause of action to be split (GCR 1963, 111.3).

4. APPEAL AND ERROR—ACTION—PARTIES TO ACTION—JOINDER—COLLATERAL ATTACK.

The propriety of a trial court's decision to deny a defendant's timely motion to join a party in an action is not subject to collateral attack on appeal, where such denial was never appealed.

5. ACTION—TRIAL OF WHOLE DISPUTE—JOINDER.

The courts and public have an important interest in the complete, consistent and efficient settlement of controversies which necessitates the settling of disputes by wholes; whenever possible, these interests should be served by joinder.

6. ACTION—AUTOMOBILE COLLISION—SUBROGEE—PROPERTY DAMAGE—PERSONAL INJURIES—RES JUDICATA.

Action in common pleas court for property damages in an automobile collision by an insurer, as subrogee of an insured who

also suffered personal injuries in the collision, is not res judicata in a circuit court action brought by the insured seeking damages for those personal injuries.

*Thurswell, Chayet, Rosen & Weberman,* for plaintiff.

*Jennifer B. Wendover,* Wayne County Neighborhood Legal Services, for defendant.

Before: BASHARA, P.J., and BRONSON and C. W. SIMON,* JJ.

C. W. SIMON, J. This interlocutory appeal concerns the splitting of a cause of action arising from an automobile accident. On February 14, 1973, appellee, Tony Martin, and appellant, Juanita Johnson, were involved in a collision wherein Martin allegedly sustained both physical injury and property damage. Martin, however, was insured and, therefore, reimbursed $503.16 by his insurance carrier, Motors Insurance Corporation (hereinafter referred to as MIC), for the damage to his automobile. Because of this payment, MIC became subrogated to Martin's claim for damage, and on January 10, 1974, filed suit in the Common Pleas Court of Detroit to recover from Johnson.

On April 10, 1974, Johnson, defendant in this action, moved pursuant to GCR 1963, 205.1 to join Martin as a party plaintiff. However, MIC opposed the motion and prevailed in having Martin excluded. Thereafter, the cause proceeded to trial on the merits where, despite Martin's testimony which was proffered by MIC, a judgment of no cause of action was rendered.

The present action was instituted on August 12, 1974, in the Wayne County Circuit Court. It was

---

* Circuit judge sitting on the Court of Appeals by assignment.

brought by Martin against Johnson to recover for the personal injuries he allegedly sustained in the accident. Johnson responded by asserting the prior common pleas adjudication and Martin's failure to join in the previous suit. She moved for accelerated judgment under GCR 1963, 116.1(5), but such motion was denied by the trial court on the ground that Martin's suit was not barred by the prior adjudication because he was neither a party nor in privity with any party to the former action. We granted leave to appeal.

This case poses an interesting twist to a classic, yet recurring, problem which arises out of the insurance practice providing for subrogation of the insurer for its insured with regard to the insured's claim against a third-party tortfeasor after payment by the insurer of only part of that claim. See Anno: *Simultaneous injury to person and property as giving rise to single cause of action*, 62 ALR2d 977; Anno: *Rights and remedies incident to subrogation to one but not both elements of a single cause of action for injury to person and damage to property*, 140 ALR 1241; 166 ALR 870. In such case, either or both could commence suit against the wrongdoer. GCR 1963, 201.2. See *Worth v Wagner*, 255 Mich 433; 238 NW 175 (1931). Their rights being distinct, the insured would seek recovery on the basis of personal injury or damage to his automobile caused by the collision, and the insurer upon the basis of damage which it had been compelled to pay on account of the collision, under the terms of the policy. 15 Blashfield, Automobile Law & Practice (3d ed), § 484.2, p 177.

Traditionally, since both causes arose out of one tortious act, Michigan law considered them to comprise but one cause of action. *General Accident Fire & Assurance Corp, Ltd v Sircey*, 354 Mich

478; 93 NW2d 315 (1958), *Coniglio v Wyoming Valley Fire Ins Co,* 337 Mich 38; 59 NW2d 74 (1953). Thus, an action by the insurer against the tortfeasor for property damage would operate to preclude a subsequent action by the insurer for personal injury, or vice-versa. 1 Am Jur 2d, Actions, § 149, pp 662–663. The policy behind this rule, of course, was to protect the defendant from a vexatious multiplicity of suits. *Coniglio v Wyoming Valley Fire Ins Co, supra.*

Modernly, while there is still but one cause of action, GCR 1963, 205.1 has replaced the common law rule against splitting a cause of action. 1 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), committee comment (3), p 544. *Chunko v LeMaitre,* 10 Mich App 490; 159 NW2d 876 (1968). Since joinder is mandatory rather than permissive, the rule makes it obvious that such joinder is required for the benefit of the opposite party and thereby places the burden of objecting to misjoinder on the opposite party. 1 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), committee comment (3), pp 544-545. Under GCR 1963, 111.3 failure to object would result in waiver of the defense of failure to join and allow the cause of action to be split. *Chunko v LeMaitre, supra.*

Here, defendant Johnson posed a timely motion, but, according to the Common Pleas Court, failed to demonstrate sufficient grounds to justify joinder. The motion was denied and never appealed. Thus, regardless of the propriety of the Common Pleas Court's decision, it is not now subject to collateral attack. 56 Am Jur 2d, Motions, Rules and Orders, § 46, p 40.

This is not to say that we condone the splitting of a cause of action. Certainly, had the facts at the

time of the common pleas determination been as they appear now joinder would have been required. Not only does the individual party have an interest in avoiding the burden of multiple litigation, but the courts and public have an important interest in the complete, consistent and efficient settlement of controversies which necessitates the settling of disputes by wholes. *Provident Tradesmens Bank & Trust Co v Patterson,* 390 US 102; 88 S Ct 733; 19 L Ed 2d 936 (1968). Whenever possible, these interests should be served by joinder.

Since, however, defendant Johnson waived objection to the cause of action being split, the question arises whether the common pleas adjudication adverse to MIC in any way effects an estoppel against Martin in the case at bar. As with the initial question, whether a cause of action may be split, there is no agreement among the jurisdictions on this point. Anno: *Judgment in action growing out of accident as res judicata, as to negligence or contributory negligence, in later action growing out of same accident by or against one not a party to earlier action,* 23 ALR2d 710; Anno: *Judgment for insurer who paid property damage as bar to another action against same tortfeasor by owner or another subrogated insurer for additional property damage arising from same tort, and vice versa,* 22 ALR2d 1455.

Now, Johnson contends that the common pleas adjudication is res judicata[1] in the present litigation, and arguably, implicit in the common pleas determination of no cause of action is a finding either that Johnson was not negligent or that

---

[1] Since there exists only one cause of action, split though it may be, the doctrine of collateral estoppel is inapplicable. Where relitigation of the same cause of action is attempted the bar is properly termed res judicata. *See* 46 Am Jur 2d, Judgments, § 397, pp 563–566.

Martin was contributorially negligent. That there was damage to the automobile proximately caused by the accident was not seriously contested. Thus, assuming the doctrine of res judicata would apply it would bar recovery in the present suit.

However, this Court has previously addressed and rejected the identical argument, *Chunko v LeMaitre, supra,* and we see no reason to diverge from that holding. In *Chunko,* this Court stated:

"Under the facts of this case the common pleas case concerning property damages was not *res judicata* in the circuit court personal injury action. To hold otherwise would prevent a real litigation of the personal injury claim, would be contrary to the logic and reality of automobile accident subrogation law, and would ignore the complex court rules which were designed to meet this very situation." 10 Mich App at 496-497.[2]

Although such result lacks logic in that it could allow recovery for the subrogor where the subrogee has failed, any other result would be equally unjust and not conducive to economical judicial administration. While the court rules attempt to bring all the potential litigants to bar in one action, revival of the doctrine of res judicata in this context would promote strategic waiver of their joinder mandate and encourage a more or less sporting theory of justice. To allow an insured who was without control over the action, without the power to decide when and where the action should be commenced, or if an appeal should be taken, to be bound by an adverse decision in a suit by his insurer would be to place too high a price on collision insurance. *Reardon v Allen,* 88 NJ Super 560; 213 A2d 26 (1965).

---

[2] Since we hold that the doctrine of res judicata is inapplicable in this context it is unnecessary to reach the question whether Martin was in privity with his insurer, MIC.

Moreover, we are quick to recognize that it is not only defendants who could seek to make a travesty of the court rule. Since the injured and his insurer are at least arguably in privity, see *Guarantee Ins Co v Great American Indemnity Co,* 163 F Supp 320 (ED Mich, 1958), application of res judicata would be mutual. Thus, an insured with a personal injury claim unknown to the defendant might forego intervention to avail himself of the doctrine should perchance the lesser sum involved in the property damage suit evoke concessions regarding liability that would not otherwise be made. This form of gamesmanship we find equally offensive. By adopting GCR 1963, 205.1 the Supreme Court has set forth an appropriate means of preventing the undesirable results caused by splitting a cause of action, *Detroit v Spivey,* 68 Mich App 295; 242 NW2d 561 (1976), and we are not inclined to detract from it.

Affirmed.