UNITED SERVICES AUTOMOBILE ASSOCIATION v NOTHELFER

Docket No. 132817. Submitted June 10, 1992, at Lansing. Decided July 20, 1992, at 9:10 A.M.

United Services Automobile Association, as subrogee of Robert and Harriet Komer, brought an action in the Saginaw Circuit Court against Shane Nothelfer and his parents to recover payments made to the Komers pursuant to their homeowner's insurance policy for damages caused to their insured property during an unauthorized party held by Shane while he was house-sitting for the Komers. The Komers had filed a separate suit against Shane for damages not covered by the insurance policy. That action, to which United Services was not a party, was settled and dismissed with prejudice. The court, Joseph R. McDonald, J., granted summary disposition for all the defendants. The plaintiff appealed with regard to the dismissal of the complaint against Shane.

The Court of Appeals *held:*

The trial court erred in ruling that the doctrine of res judicata barred the plaintiff from bringing an action against Shane and in dismissing the complaint against him. Shane waived the defense of res judicata when he did not object to the plaintiff's failure to join in the Komers' action against him.

Reversed and remanded.

ACTIONS — COURT RULES — SPLITTING CAUSE OF ACTION — WAIVER OF RIGHT TO RAISE ISSUE.

The common-law rule against splitting a cause of action has been replaced by the court rule regarding the necessary joinder of parties; because joinder is mandatory under the court rule and benefits the defendant, the burden of objecting to misjoinder is on the defendant; the right to claim that separate suits violate the joinder rule is waived where the defendant fails to make such a timely assertion (MCR 2.205[A]). .

*Denenberg, Tuffley, Bocan, Jamieson, Black,*

REFERENCES

Am Jur 2d, Actions § 132.
Waiver of, by failure to promptly raise, objection to splitting cause of action. 40 ALR3d 108.

*Hopkins & Ewald, P.C.* (by *Jeffrey R. Learned* and *Patrick K. Thornton*), for the plaintiff.

*McGraw, Borchard & Martin, P.C.* (by *Patrick J. McGraw* and *Joseph S. Harrison*), for the defendant.

Before: Gribbs, P.J., and Hood and C. W. Simon, Jr.,* JJ.

Gribbs, P.J. Plaintiff United Services Automobile Association appeals as of right an order dismissing on grounds of res judicata its subrogation claim in this insurance case. MCR 2.116(C)(7). We reverse and remand for further proceedings.

In December 1987, Robert and Harriet Komer planned a vacation in Colorado and hired sixteen-year-old Shane Nothelfer to watch their home while they were gone. Nothelfer had an unauthorized party at the Komers' home on December 31, 1987, during which the home was vandalized and miscellaneous personal property of the Komers' was stolen. In satisfaction of its obligation under the Komers' homeowner's insurance policy, plaintiff, United Services, paid the Komers $16,475.09 for damage caused during the party. However, the Komers claimed to have suffered additional property damage not covered by their insurance policy and filed suit against defendant Shane Nothelfer. United Services was not a party to that lawsuit. On October 9, 1989, the Komers settled with Shane Nothelfer for $1,200, and the lawsuit was dismissed with prejudice.

On October 26, 1989, plaintiff filed suit against Shane Nothelfer and his parents to recover its insurance payments to the Komers. The parents moved for summary disposition, which was

---

* Circuit judge, sitting on the Court of Appeals by assignment.

granted. Subsequently, defendant Shane Nothelfer moved for summary disposition, alleging that plaintiff's claim was barred by the doctrine of res judicata because of the Komers' previous lawsuit against him. On August 13, 1990, the trial court issued an order granting Shane's motion for summary disposition and dismissing plaintiff's complaint. Plaintiff does not challenge the dismissal with regard to Shane's parents. Therefore, the only defendant before this Court is Shane Nothelfer. Plaintiff now appeals.

Plaintiff contends that defendant waived the defense of res judicata when he failed to object to plaintiff's nonjoinder in the Komer's action against him, and that the trial court therefore erred in dismissing its complaint and in ruling that it was barred by the doctrine of res judicata from filing a suit against defendant. We agree.

MCR 2.205 has replaced the common-law rule against splitting a cause of action. *Martin v Johnson,* 87 Mich App 342, 346; 274 NW2d 785 (1978). MCR 2.205(A) provides the following with regard to the necessary joinder of parties:

> Subject to the provisions of subrule (B) and MCR 3.501, persons having such interests in the subject matter of an action that their presence in the action is essential to permit the court to render complete relief must be made parties and aligned as plaintiffs or defendants in accordance with their respective interests.

Because joinder is mandatory under MCR 2.205(A), rather than permissive, joinder is required for the benefit of the defendant and thereby places on the defendant the burden of objecting to misjoinder. *Martin, supra* at 346. Thus, the defendant must make a timely assertion of the position that separate suits violate the rule prohibiting the

splitting of actions, modernly known as the joinder rule. *Chunko v LeMaitre,* 10 Mich App 490, 496; 159 NW2d 876 (1968). If the defendant fails to make such a timely assertion, he waives his right to make such a claim; in effect, the defendant "acquiesces in splitting causes of action by not raising timely objection." *Id.*

In this case, the record clearly indicates that defendant did not object to nonjoinder or move to have plaintiff joined in the lawsuit filed by the Komers to recover for losses not covered by the insurance policy. Therefore, plaintiff's subrogation claim against defendant was not barred by the doctrine of res judicata when the Komers settled with defendant and stipulated to dismissal of their claim with prejudice.

We reverse and remand for further proceedings.