# STATE OF MICHIGAN

# COURT OF APPEALS

---

MICHIGAN HEAD & SPINE INSTITUTE, P.C.,

   Plaintiff-Appellant/Cross-Appellee,

v

MICHIGAN ASSIGNED CLAIMS PLAN,

   Defendant-Appellee/Cross-
   Plaintiff/Cross-Appellee,

and

HOME-OWNERS INSURANCE COMPANY,

   Defendant-Appellee/Cross-
   Defendant/Cross-Appellant,

and

UNNAMED ASSIGNEE OF THE MICHIGAN
ASSIGNED CLAIMS PLAN,

   Defendant.

UNPUBLISHED
November 13, 2018

No. 339766
Oakland Circuit Court
LC No. 2016-153530-NF

---

Before: MURRAY, C.J., and METER and GLEICHER, JJ.

PER CURIAM.

Following a recent pronouncement of our Supreme Court, healthcare providers no longer have a direct cause of action against no-fault insurers to collect for services provided to injured parties. The injured party in this case, however, assigned her right to collect benefits to the healthcare provider. The circuit court improperly denied the healthcare provider's motion to amend its complaint based on the assignment and therefore erroneously dismissed its action for lack of standing. We reverse that part of the circuit court's opinion and order denying the motion to amend, vacate that portion summarily dismissing the action for lack of standing, and remand for further proceedings.

-1-

I

Maureen Calcatera was seriously injured in a motor vehicle accident on February 9, 2016, while driving a Toyota Camry owned by and registered to her father, Michael Cuddihy, Jr. Calcatera did not live with Cuddihy, but had some level of permission to drive the vehicle, which was kept in the driveway at Cuddihy's house. On the day in question, Calcatera entered Cuddihy's home while he was sleeping, picked up the keys, and took the Camry to run errands.

Unfortunately, the Camry was not insured. On June 3, 2015, Cuddihy's grandson, Sean Horvath, allegedly called the Lenahan-Versical Insurance Agency, at Cuddihy's request, and cancelled a no-fault insurance policy covering the Camry because Cuddihy intended to transfer title to Calcatera.[1] According to the insurance agent, Calcatera contacted the agency approximately two weeks later to confirm that the Camry's policy had been cancelled. Calcatera denied making such a call and claimed that she "assumed" the vehicle was insured. Cuddihy never followed through with his gift, but also never restarted coverage. And Calcatera personally did not own a motor vehicle and therefore did not possess her own no-fault insurance coverage.

Michigan Head & Spine Institute (MHSI) provided medical and rehabilitative services to Calcatera from February 10 through June 6, 2016, leaving her with a $95,123 bill. MHSI had difficulty identifying the no-fault policy covering Calcatera in her accident. It therefore pursued reimbursement for Calcatera's treatment from the Michigan Assigned Claims Plan (MACP).[2] The MACP "serves as the insurer of last priority." *Titan Ins Co v American Country Ins Co*, 312 Mich App 291, 298; 876 NW2d 853 (2015). Pursuant to MCL 500.3172, the MACP is required to investigate whether any policy of higher priority exists (as enumerated in MCL 500.3114) and if none are found, to assign an insurer to bear the duty of coverage. The MACP delayed in assigning the claim to a no-fault insurer, leading MHSI to file the instant lawsuit on June 16, 2016. Two months after MHSI filed suit, Calcatera assigned to MHSI her "right to collect no-fault insurance benefits, if any, for unpaid services rendered by [MHSI] to date." The assignment was consistent with MCL 500.3143, which precludes the assignment of a right to collect future benefits.

The MACP investigated coverage options and eventually discovered that Cuddihy possessed no-fault insurance through Home-Owners Insurance Company, although the parties later discovered that this policy actually covered only Cuddihy's other vehicle—a Jeep. The circuit court granted MHSI's motion to add Home-Owners as a party defendant in its first

---

[1] Cuddihy remembered that he intended to transfer title to Calcatera and that he changed his mind. However, Cuddihy did not remember that he had ever insured the vehicle. During his deposition, Cuddihy indicated that at age 81, his memory was not what it used to be.

[2] Calcatera was also treated at McLaren Macomb Hospital and the hospital joined MHSI in seeking reimbursement from the MACP outside of court. The hospital is not a party to this lawsuit and there is no record indication whether McLaren pursued separate legal action.

amended complaint and the MACP filed a cross-complaint against Home-Owners as well, claiming that Home-Owners had first priority to provide coverage to Calcatera.

Home-Owners sought summary disposition of both MHSI's and the MACP's claims, asserting that Calcatera knowingly operated an uninsured vehicle and therefore was not entitled to personal protection insurance (PIP) benefits under the no-fault act. Home-Owners explained that Cuddihy had maintained insurance on the vehicle through June 3, 2015, when he and his grandson contacted the agency to remove the Camry. Home-Owners further argued that Calcatera did not fall within the three categories of individuals entitled to benefits under MCL 500.3114(1); she was not the named insured or the named insured's spouse, and she was not a resident relative of the insured.

The MACP challenged Home-Owners' motion with evidence that Calcatera believed the Camry was insured. It also contended that Home-Owners was on the hook because Cuddihy "remained a Home-Owners insured" by virtue of his other vehicle. MHSI added that Home-Owners relied upon the inadmissible hearsay statements of its agent, making the motion "[a]t best . . . premature as the facts regarding insurance coverage have not been fl[e]shed out due to the fact that no discovery has been served upon Home-Owners."

Before the circuit court had considered Home-Owners' motion,[3] the Michigan Supreme Court issued *Covenant Med Ctr, Inc v State Farm Mut Auto Ins Co*, 500 Mich 191; 895 NW2d 490 (2017), on May 25, 2017. In *Covenant*, 500 Mich at 196, the Court held "that healthcare providers do not possess a statutory cause of action against no-fault insurers for recovery of [PIP] benefits under the no-fault act." Healthcare providers still "may seek payment from the injured person for the provider's reasonable charges," *id*. at 217, and the injured person may in turn fight the insurance battle. *Covenant*'s ruling also was "not intended to alter an insured's ability to assign his or her right to past or presently due benefits to a healthcare provider." *Id*. at 217 n 40. Accordingly, an injured party could still assign his or her right to recover benefits.

The very next day, Home-Owners filed a renewed motion for summary disposition. Home-Owners clarified its initial argument, asserting that Calcatera was a "constructive owner" of the Camry as she regularly used it under a blanket grant of permission, and knowingly drove it without mandatory no-fault insurance coverage. Accordingly, neither she nor her medical service providers were entitled to recovery or reimbursement pursuant to MCL 500.3113(b).[4] Home-Owners added that MHSI lacked standing to bring suit under *Covenant*.

---

[3] In its final opinion and order, the circuit court indicated that it had previously dismissed Home-Owners' first summary disposition motion as moot. No such order appears in the lower court record.

[4] MCL 500.3113(b) excludes a person from claiming PIP benefits when he or she "was the owner or registrant of a motor vehicle . . . involved in the accident with respect to which the security required by [MCL 500.3101 or MCL 3103] was not in effect."

The MACP responded by playing both sides of the field. It contended that evidence showed that Calcatera was not a constructive owner of the Camry and denied that *Covenant* applied to eliminate MHSI's standing. "However," the MACP argued, "should it be demonstrated that Calcatera is barred from PIP benefits . . . [under MCL 500.3113(b)], she would also be barred from claiming benefits through" the Plan.

MHSI retorted that Home-Owners still had not presented admissible evidence to support that Cuddihy had cancelled the insurance or that Calcatera knew the Camry was uninsured. Ultimately, MHSI argued, there remained questions of fact regarding whether the Camry was insured. MHSI contended that the testimony of Cuddihy and Calcatera established that Calcatera did not use the vehicle in a manner consistent with ownership.

In response to the standing argument, MHSI emphasized that *Covenant* preserved a healthcare provider's right to recover benefits "based on the insured's assignment of rights." Calcatera validly assigned her right to collect for MHSI's prior services to MHSI pursuant to MCL 500.3143 and MHSI then stood in Calcatera's shoes.

MHSI concurrently filed a motion to file a second amended complaint based on Calcatera's August 2016 assignment. MHSI noted that it had a direct cause of action and did not need to rely on the assignment for standing until the *Covenant* decision. MHSI further contended that neither the MACP nor Home-Owners would be prejudiced as its claim for recovery raised no new facts or legal premises; rather MHSI would simply be standing in Calcatera's shoes seeking the same recovery.

Home-Owners challenged MHSI's motion to file a second amended complaint based on Calcatera's assignment. Home-Owners accused Calcatera of splitting her cause of action according to the debts owed to different healthcare providers and assigning her cause of action piecemeal. Such splitting is prohibited, Home-Owners argued, "to prevent vexation and expense to a defendant. It is a rule of justice that one shall present his whole cause of action in one suit." Quoting *Szostak v Chevrolet Motor Co*, 279 Mich 603, 607; 273 NW 284 (1937). The cause-of-action-splitting prohibition is now embodied by MCR 2.203, Home-Owners asserted, which requires a party to join every claim he or she has against a particular defendant arising out of a singular accident.[5]

---

[5] MCR 2.2203 provides, in relevant part:

> (A) Compulsory Joinder. In a pleading that states a claim against an opposing party, the pleader must join every claim that the pleader has against that opposing party at the time of serving the pleading, if it arises out of the transaction or occurrence that is the subject matter of the action and does not require for its adjudication the presence of third parties over whom the court cannot acquire jurisdiction.

> (B) Permissive Joinder. A pleader may join as either independent or alternate claims as many claims, legal or equitable, as the pleader has against an opposing

At the hearing on the parties' motions, Home-Owners contended that it did not rely solely on the insurance agent's affidavit to classify Calcatera as a constructive owner of the Camry. Rather, it relied on Calcatera's and Cuddihy's testimony regarding the frequency of Calcatera's vehicle use and the fact that Calcatera was not required to ask Cuddihy permission before using the car.) Home-Owners also relied on the insurance declarations page, to establish that the Camry was uninsured at the time of the accident. This evidence was not inadmissible hearsay.

Home-Owners rejected that it was required to cover Calcatera under MCL 500.3114(4)(a) because it was "[t]he insurer of the owner or registrant of the vehicle occupied" based on insurance Cuddihy held for another car. Home-Owners asserted that as Calcatera was a constructive owner of the Camry, she had to be the insured owner of a separate vehicle for the statutory subsection to apply. Home-Owners thereby implied that the MACP should determine that no insurer had priority to provide coverage and accept its role as the insurer of last priority.[6]

In relation to its argument that MHSI lacked standing to file suit, Home-Owners added that MHSI had an assignment from Calcatera since August 15, 2016, and "never pled that cause of action all this time. Never once." Home-Owners questioned why MHSI should be allowed to amend nearly a year after it received the assignment. As a result of this delay, the parties were then one month before trial and Home-Owners was unable to "ask[] questions about bargained for consideration, was the assignment valid, [etc.]" Rather than an amendment, Home-Owners asserted, MHSI's claims based on assignment would be "really a new filing, because it's a completely separate element." As a new complaint filed in August 2017, the claims would be barred by the one-year-back rule as services only continued through June 2016. The delay was therefore "extremely prejudicial," in Home-Owners' estimation.

MHSI responded by summarizing the evidence it felt created a genuine issue of material fact regarding ownership and constructive ownership of the uninsured Camry. As to the standing argument, MHSI asserted that it had possessed a valid assignment since August 2016, but had not earlier filed an amended complaint, or pleaded a right to recovery on assignment as an alternative argument, because it had no need to until *Covenant* was decided. MHSI emphasized that Michigan is a notice pleading state and that its earlier complaint placed Home-Owners and the MACP on notice of the basis of its claim. The nature of the claim did not change simply because Home-Owners no longer possessed a direct cause of action and instead had to rely on the assignment for standing.

---

party. If a claim is one previously cognizable only after another claim has been prosecuted to a conclusion, the two claims may be joined in a single action; but the court may grant relief only in accordance with the substantive rights of the parties.

[6] We note that the circuit court has yet to consider the priority of insurers for coverage of Calcatera as it has not yet considered whether Calcatera is precluded from any coverage based on her status as a constructive owner of an uninsured motor vehicle.

The MACP argued at the hearing that Home-Owners was "clearly in the highest order of priority pursuant to MCL 500.3114(4)." Specifically, Cuddihy "was a Home-Owners' insured" and it should provide coverage despite that the Camry was not insured. Alternatively, the MACP contended that if the court granted summary disposition based on Calcatera's status as a constructive owner of an uninsured vehicle, then she similarly would be barred from benefits through the MACP.

Ultimately, the circuit court denied MHSI's motion to file a second amended complaint and dismissed its action. The court noted that MHSI admitted that it was a healthcare provider and that *Covenant* had recently held that a healthcare provider has no direct cause of action under the no-fault act for recovery of PIP benefits. However, MHSI relied upon Calcatera's assignment executed after suit was filed. The court denied MHSI's motion to file a second amended complaint based on undue delay (MHSI sat on the assignment for 11 months without filing its motion), undue prejudice (given that the trial had been adjourned twice and the new trial date was then only 30 days away), and failure to cure this deficiency in the previously allowed amendment.

Without an amendment, the court determined that MHSI's claims against Home-Owners and the MACP were legally unsustainable under *Covenant*. Without an independent cause of action against the insurer and the MACP, summary disposition was granted under MCR 2.116(C)(8) but without prejudice. Given its resolution of this issue, the court did not resolve Home-Owners' alternate ground for summary disposition—whether Calcatera was a constructive owner of the Camry ineligible for coverage for owning an uninsured vehicle.

II

MHSI challenges the circuit court's denial of its motion to file an amended complaint based on Calcatera's assignment. We review for an abuse of discretion a trial court's decision on a party's motion to amend its pleading or to serve a supplemental pleading. *Boylan v Fifty Eight LLC*, 289 Mich App 709, 727; 808 NW2d 277 (2010).

This Court recently addressed an issue similar to that now before us. In *Shah v State Farm Mut Auto Ins Co*, ___ Mich App ___; ___ NW2d ___ (Docket No. 340370, issued May 8, 2018), lv pending, this Court considered a healthcare provider's standing to seek recovery for PIP benefits when the provider belatedly secured an assignment from the injured party. In *Shah*, George Hensley was injured in a motor vehicle accident on November 30, 2014, and his healthcare providers filed suit against his no-fault insurer, State Farm, on February 24, 2017, seeking payment for their services. *Id.*, slip op at 1. Following the Supreme Court's decision in *Covenant*, State Farm sought summary dismissal of the healthcare providers' claims. *Id.*, slip op at 2. "Apparently anticipating defendant's motion, plaintiffs had obtained an assignment of rights from Hensley" to seek recovery for services "already provided." *Id.* The healthcare providers relied on this assignment in opposing summary disposition and in filing a motion to amend their complaint "to reflect that the suit was being pursued through the assignment of rights obtained from Hensley." *Id.*, slip op at 3. The circuit court denied the healthcare

providers' motion to amend based on futility and granted summary disposition after determining that the insurance policy contained an anti-assignment clause and that any claims would be time-barred in any event by the one-year-back rule.[7] *Id.*, slip op at 4, 14.

State Farm argued that Hensley's assignment to his healthcare providers was unenforceable because its insurance policy included an anti-assignment clause. *Id.* at 7. However, this Court held based on *Roger Williams Ins Co v Carrington*, 43 Mich 252; 5 NW2d 303 (1880), that "an accrued cause of action may be freely assigned after the loss and that an anti-assignment clause is not enforceable to restrict such assignment because such a clause violates public policy in that situation." *Shah*, slip op at 9.

This Court rejected the healthcare providers' contentions, however, that the assignment related back to the date the complaint was filed. This Court noted that an assignee stands in the shoes of the assignor, "possessing the same rights and being subject to the same defenses." *Id.* at 11 (cleaned up).[8] "Thus," this Court continued, "plaintiffs could not obtain any greater rights from Hensley on the date of the assignments—July 11, 2017—than Hensley himself possessed on that date." *Id.* Hensley was limited by the one-year-back rule to recover only for those services accruing from July 11, 2016, and plaintiffs took no more than the right to recover for services provided on or after that date. *Id.*

Moreover, the healthcare providers did not actually seek to file an "amended" complaint, but rather a "supplemental pleading" based on the assignment, this Court held. *Id.* MCR 2.118(D) and (E) provide that an amended complaint is treated as if filed on the date of the original complaint, i.e., that it relates back. *Id.* But " 'there is no provision for relating back as to supplemental pleadings.' " *Id.*, quoting *Grist v Upjohn Co*, 1 Mich App 72, 84; 134 NW2d 358 (1965). Through their supplemental pleading, the healthcare providers in *Shah* "only obtained the rights Hensley actually held *at the time of the execution of the assignment*." *Shah*, slip op at 11-12 (emphasis added).

Based on *Shah*, MHSI should have filed a motion to file a supplemental, rather than second amended, complaint. The supplemental complaint would be based on Calcatera's August 15, 2016 assignment. As held in *Shah*, MHSI obtained the rights that Calcatera actually held on August 15, 2016.

The lower court in *Shah* dismissed the healthcare providers' action after finding that a supplement would be futile because the one-year-back rule and inapplicability of the relation-back doctrine barred all recovery. The lower court in this case likely recognized that MHSI's

---

[7] MCL 500.3145(1) limits an injured party's recovery of PIP benefits to those costs incurred in the year before the action is filed.

[8] This opinion uses the new parenthetical (cleaned up) to improve readability without altering the substance of the quotation. The parenthetical indicates that nonsubstantive clutter such as brackets, alterations, internal quotation marks, and unimportant citations have been omitted from the quotation. See Metzler, *Cleaning Up Quotations*, 18 J App Pract & Process 143 (2017).

supplement would *not* be futile as it had secured an assignment in August 2016, and the assignment's timing would allow for full recovery of the incurred benefits provided by MHSI. Instead, the circuit court faulted MHSI for holding onto the assignment for 11 months before seeking amendment. This delayed the proceedings and prejudiced the MACP and Home-Owners, the court concluded.

A court has discretion to grant a motion to file a supplemental pleading "on reasonable notice and on just terms." MCR 2.118(E). Motions to file supplemental pleadings are treated similarly to motions to amend. See *Casey v Auto-Owners Ins Co*, 273 Mich App 388, 401; 729 NW2d 277 (2006). The right to amend is usually "a matter of right rather than grace." *PT Today, Inc v Comm'r of Office of Fin & Ins Servs*, 270 Mich App 110, 143; 715 NW2d 398 (2006). "Thus, a motion to amend should ordinarily be denied only for particularized reasons, including undue delay, bad faith or a dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, or futility." *Id*.

> Delay, alone, does not warrant denial of a motion to amend. However, a court may deny a motion to amend if the delay was in bad faith or if the opposing party suffered actual prejudice as a result. "Prejudice" in this context does not mean that the allowance of the proffered amendment may cause the opposing party to ultimately lose on the merits. Rather, "prejudice" exists if the amendment would prevent the opposing party from receiving a fair trial, if for example, the opposing party would not be able to properly contest the matter raised in the amendment because important witnesses have died or necessary evidence has been destroyed or lost. [*Weymers v Khera*, 454 Mich 639, 659; 563 NW2d 647 (1997) (cleaned up).]

Prejudice occasioned by delay may be found

> when the moving party seeks to add a new claim or a new theory of recovery on the basis of the same set of facts, after discovery is closed, just before trial, and the opposing party shows that he did not have reasonable notice, from any source, that the moving party would rely on the new claim or theory at trial. [*Id*. at 659-660.]

When MHSI filed suit, caselaw stated that healthcare providers had standing in their own right to pursue recovery claims. See *Covenant*, 500 Mich at 203 n 23. That still held true when MHSI filed its first amended complaint to name Home-Owners as a defendant. The circuit court abused its discretion in denying MHSI's motion to file a second amended complaint based on its failure "to cure deficiencies" in the first amendment. No "deficiency" existed at that time.

Similarly, MHSI did not cause any delay or prejudice to Home-Owners or the MACP. Home-Owners filed its summary disposition motion the day after *Covenant* was decided. Clearly, Home-Owners had completed its legal work in advance of *Covenant*'s change in the law; it would have expended these legal resources regardless of *Covenant*'s outcome. The circuit court's ruling suggests that *Covenant* was the starting pistol for a filing race—MHSI was required to file a motion to amend or supplement its complaint based on its assignee status before Home-Owners or be deemed to have caused delay and prejudice. Only MHSI could not win

because Home-Owners sought to enforce *Covenant* before the ink had time to dry. Home-Owners had run its lap and was waiting at the finish line before the filing race could begin. It is fundamentally unfair to punish MHSI for not beating Home-Owners in a filing contest that began and ended only one day after a significant change in the law.

Further, MHSI did not fundamentally alter its cause of action. In the original and first amended complaints, MHSI asserted that Calcatera had been injured in a motor vehicle accident, either Home-Owners was first in priority to provide coverage or the MACP was required to assign an insurer to provide coverage, and it was entitled to payment for the services it had provided to Calcatera. MHSI would raise the same claims as before, only as Calcatera's assignee to collect for the services rendered. Contrary to Home-Owners' objections, this was not a radical change in legal theories requiring additional discovery or significant work. The circuit court thereby abused its discretion in denying MHSI's motion to amend (or supplement) its complaint. As the court should have permitted the amendment/supplement, it erroneously granted summary disposition in Home-Owners' favor based on the lack of standing.[9]

Home-Owners alternatively argues that the circuit court could have denied MHSI's motion to file a supplemental complaint because Calcatera invalidly split her cause of action when she assigned to MHSI only her right to collect benefits for the services provided by MHSI. Allowing MHSI's suit by assignment would leave them open for a second lawsuit by McLaren Macomb or by Calcatera directly for recovery of costs incurred at McLaren, Home-Owners complains.

Following the Supreme Court's decision in *Covenant* and this Court's opinion in *Shah*, this Court considered this very issue in the unpublished opinion of *Michigan Head & Spine Institute, Inc v Hastings Mut Ins Co*, unpublished per curiam opinion of the Court of Appeals, issued September 18, 2018 (Docket No. 340656), lv pending.[10] Just as in this case, the defendant insurance company in *Hastings* relied on antiquated caselaw prohibiting the splitting of causes of action. *Id*. at 2. And just as MHSI argues in this case, this Court noted that the defendant in *Hastings* "ignore[d]" that the Supreme Court's adoption of MCR 2.205 had superseded and replaced the former common-law rule against claim splitting. *Id*., citing *United States Auto Ass'n v Nothelfer*, 195 Mich App 87, 89; 489 NW2d 150 (1992).

---

[9] Although we are vacating the circuit court's summary disposition order, we note that we share Home-Owners' confusion regarding the lower court's decision to enter the order "without prejudice." We need not resolve Home-Owners' claim on cross-appeal on the merits, however, as it has been rendered moot.

[10] "Although unpublished opinions of this Court are not binding precedent, MCR 7.215(C)(1); *In re Application of Indiana Michigan Power Co*, 275 Mich App 369, 380; 738 NW2d 289 (2007), they may . . . be considered instructive or persuasive." *Paris Meadows, LLC v City of Kentwood*, 287 Mich App 136, 145 n 3; 783 NW2d 133 (2010).

MCR 2.205(A) provides for the necessary joinder of certain parties:

> Subject to the provisions of subrule (B) and MCR 3.501, persons having such interests in the subject matter of an action that their presence in the action is essential to permit the court to render complete relief must be made parties and aligned as plaintiffs or defendants in accordance with their respective interests.

Under the court rule, "joinder is required for the benefit of the defendant." *United States Auto Ass'n*, 195 Mich App at 189. The burden is therefore on the defendant to "make a timely assertion of the position that separate suits violate the rule prohibiting the splitting of actions, modernly known as the joinder rule." *Id*. at 189-190.

Here, as in *Hastings*, there is no record indication that any other person or entity who provided services to Calcatera has filed or will file a separate lawsuit in connection with Calcatera's accident. Neither the MACP nor Home-Owners has requested joinder of McLaren Macomb or any other individual as a necessary party plaintiff. Accordingly, we follow *Hastings*'s example and conclude that denial of MHSI's motion to amend or supplement its complaint or granting Home-Owners' summary disposition motion on this ground would be improper.

III

Home-Owners alternatively argued below that the circuit court should summarily dismiss MHSI's recovery claim because Calcatera was barred from recovery of PIP benefits as the constructive owner of an uninsured vehicle. Home-Owners continues to raise this argument on appeal. However, the circuit court did not reach this issue. Once MHSI has filed its supplemental complaint in the circuit court, that court may consider Home-Owners' summary disposition motion in the first instance.

We reverse the order denying MHSI's motion to file a second amended (or supplemental) complaint, vacate the order granting Home-Owners' motion for summary disposition based on lack of standing, and remand for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Christopher M. Murray
/s/ Patrick M. Meter
/s/ Elizabeth L. Gleicher