*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

OMEGA REHAB SERVICES, LLC,

Plaintiff-Appellant,

v

EVEREST NATIONAL INSURANCE
COMPANY,

Defendant-Appellee.

UNPUBLISHED
February 21, 2019

No. 340297
Wayne Circuit Court
LC No. 16-012355-NF

Before: CAVANAGH, P.J., and BORRELLO and REDFORD, JJ.

PER CURIAM.

Plaintiff, a healthcare provider, appeals as of right an order granting defendant, a no-fault insurer, summary disposition in this no-fault insurance action. For the reasons stated in this opinion, we reverse and remand this matter to the trial court for further proceedings consistent with this opinion.

## I. BACKGROUND

Plaintiff sued defendant to recover payment for services provided to one or more persons allegedly insured under defendant's no-fault insurance policy. After our Supreme Court issued its opinion in *Covenant Med Ctr, Inc v State Farm Auto Ins Co*, 500 Mich 191; 895 NW2d 490 (2017), defendant moved for summary disposition on the ground that plaintiff had no statutory cause of action against it for recovery of no-fault benefits. Plaintiff opposed on various grounds including that it had standing to sue defendant because defendant's insureds had assigned their interests in payments for health care services to plaintiff. Plaintiff asserted the validity of the assignments on several grounds. Defendant presented to the trial court a copy of the insurance policy which contained an anti-assignment clause that prohibited assignment without defendant's written consent. Defendant asserted that it never consented to assignment of rights under the policy. The trial court granted defendant summary disposition on the grounds that plaintiff lacked a direct right of action under *Covenant* and because plaintiff could not rely on the assignments based on the insurance policy's anti-assignment clause.

On appeal, plaintiff argues that the trial court erred when it granted defendant's motion for summary disposition because the court based its decision on the anti-assignment clause contained in defendant's no-fault insurance policy, and that anti-assignment clause is invalid under Michigan law. We agree.

## II. STANDARDS OF REVIEW

We review de novo a trial court's decision on a motion for summary disposition. *Dell v Citizens Ins Co of America*, 312 Mich App 734, 739; 880 NW2d 280 (2015). Defendant's moved for summary disposition under MCR 2.116(C)(8).

> A motion under MCR 2.116(C)(8) tests the legal sufficiency of the complaint. All well-pleaded factual allegations are accepted as true and construed in a light most favorable to the nonmovant. A motion under MCR 2.116(C)(8) may be granted only where the claims alleged are so clearly unenforceable as a matter of law that no factual development could possibly justify recovery. When deciding a motion brought under this section, a court considers only the pleadings. [*Id*. at 739-740 (citation omitted).]

We review de novo a trial court's interpretation and application of a court rule. *Haliw v Sterling Heights*, 471 Mich 700, 704; 691 NW2d 753 (2005). We also review de novo issues involving the proper interpretation of statutes. *Titan Ins Co v Hyten*, 491 Mich 547, 553; 817 NW2d 562 (2012).

## III. ANALYSIS

In *Jawad A Shah, MD, PC v State Farm Mut Auto Ins Co*, 324 Mich App 182; 920 NW2d 148 (2018), this Court considered whether an anti-assignment clause, like the one included in defendant's no-fault insurance policy in this case, had validity under Michigan law. This Court held that anti-assignment clauses in no-fault insurance policies were unenforceable if they prohibit "an assignment after the loss occurred of an accrued claim to payment—because such a prohibition of assignment violates Michigan public policy that is part of our common law as set forth by our Supreme Court." *Id*. at 200. In *Henry Ford Health Sys v Everest Nat'l Ins Co*, ___ Mich App ___; ___ NW2d ___ (2018) (Docket No. 341563), this Court applied the legal principle articulated in *Shah* and came to the same conclusion that the anti-assignment clause that the defendant relied upon lacked enforceability because it violated public policy. *Id*. at ___; slip op at 3-4.

At the time the parties briefed this appeal, they did not have the benefit of this Court's *Shah* or *Henry Ford* decisions. Plaintiff did not argue that defendant's anti-assignment clause violated Michigan public policy. Nevertheless, we may decide this issue on the basis of *Shah* because "[t]he jurisprudence of Michigan cannot be, and is not, dependent upon whether individual parties accurately identify and elucidate controlling legal questions." *Mack v Detroit*, 467 Mich 186, 209; 649 NW2d 47 (2002).

In this case, the underlying claimants' assignments to plaintiff were for past or presently due accrued benefits. Under *Shah*, the anti-assignment clause in defendant's no-fault insurance policy is unenforceable. Therefore, the trial court erred when it granted defendant's motion for

summary disposition on the basis that the anti-assignment clause prohibited the insureds from assigning plaintiff their rights to payments of the benefits to which the insureds were entitled. Because we find *Shah* dispositive, we decline to address the alternative grounds upon which plaintiff argues the invalidity of defendant's insurance policy's anti-assignment clause.

The trial court also based its summary disposition ruling on its conclusion that the assignments violated the rule against splitting a cause of action. Although plaintiff did not raise a claim of error in this regard, defendant argues on appeal that the trial court's decision should be affirmed because the assignments violated the rule against splitting a cause of action. The issue involves the interpretation of a Michigan court rule and statute, and it has been briefed by defendant. Therefore, we have discretion to decide the issue, even though it was not presented as a question on appeal by plaintiff. *Mack*, 467 Mich 206-209.

Defendant argues that plaintiff could not rely on the underlying claimants' assignments because that split their cause of action for no-fault benefits. Defendant essentially contends that the underlying claimants had to assign all of their claims for no-fault benefits and bring them in one action because their assignments of only the portion of their rights to benefits to plaintiff split their one claim into multiple claims. We disagree.

In *Henry Ford*, this Court addressed the cause splitting issue that defendant raises in this case. The defendant similarly argued in *Henry Ford* that the plaintiff could not sue the defendant based on the insured's assignment of her claim for no-fault benefits for services rendered by the plaintiff because the insured only assigned a portion of her claim instead of her entire claim for all no-fault benefits arising from the subject accident. This Court found the defendant's argument unpersuasive because it ignored the applicable law that stated that " 'MCR 2.205 has replaced the common-law rule against splitting a cause of action.' *United Servs Auto Ass'n v Nothelfer*, 195 Mich App 87, 89; 489 NW2d 150 (1992)." *Id*. at ___; slip op at 5. This Court further explained that:

> under the no-fault act, PIP benefits are payable as loss accrues, MCL 500.3142(1), and become overdue if not paid within 30 days of receipt of reasonable proof of the fact and of the amount of loss sustained, MCL 500.3142(2). In other words, the act contemplates and requires a multitude of performances (i.e., payments) by the insurer[.] [*Id*. at ___; slip op at 5.]

> \* \* \*

> According to defendant, because Quinn only assigned her right to recover a limited portion of the allowable expenses potentially available under the no-fault act, the assignment would not relieve defendant of its obligation to Quinn for other benefits. Once again, defendant's argument rests on the mistaken presumption that Quinn's claim can only be viewed as one for all PIP benefits that she may be entitled to recover as a result of her motor vehicle accident, which is inconsistent with MCL 500.3142's requirement of prompt payment of claims as they accrue. Furthermore, MCL 500.3112 contemplates that an insurer may discharge its obligation to the insured with respect to particular benefits that have been incurred by directing payment of those benefits to the party providing PIP

services to the injured party. See also MCL 500.3112 (stating that in the absence of written notice by another claiming entitlement to payment, "[p]ayment by an insurer in good faith of personal protection insurance benefits, to or for the benefit of a person who it believes is entitled to the benefits, discharges the insurer's liability to the extent of the payments . . . ."). [*Id*. at ___; slip op at 6 (citation omitted).]

\* \* \*

If this Court were to hold that the assignment at issue in this case was an unenforceable partial assignment, it would effectively render the insured's right to assign a claim for past or presently due benefits meaningless. [*Id*.]

As in *Henry Ford*, we find no merit to defendant's cause splitting argument in this case. Accordingly, to the extent that the trial court dismissed plaintiff's action based on a supposed splitting of the cause of action, we hold that the trial court erred.

We reverse and remand to the trial court for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Mark J. Cavanagh
/s/ Stephen L. Borrello
/s/ James Robert Redford