*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

LUCIA ZAMORANO, M.D., PLC,

      Plaintiff,

and

OMIC, LLC, doing business as OAKLAND MRI,

      Intervening Plaintiff-Appellant,

v

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

      Defendant-Appellee.

UNPUBLISHED
March 28, 2019

No. 341327
Wayne Circuit Court
LC No. 17-000744-NF

Before: MURRAY, C.J., and GADOLA and TUKEL, JJ.

PER CURIAM.

Intervening plaintiff, OMIC, LLC, appeals as of right the trial court's order granting defendant, State Farm Mutual Automobile Insurance Company, summary disposition of intervening plaintiff's claim under MCR 2.116(C)(10). We reverse.

## I. FACTS

This is an action by a health care provider seeking payment of personal protection insurance (PIP) benefits assigned to the provider by an insured motorist. On September 27, 2015, Sergio Machado allegedly was injured in an automobile accident. Machado's treating physician, plaintiff, Lucia Zamorano, M.D., referred Machado to intervening plaintiff, who allegedly performed MRIs for Machado in 2016 and 2017. Machado was insured under a no-fault insurance policy with defendant. The policy contains an anti-assignment provision stating, in relevant part, that "[n]o assignment of benefits or other transfer of rights is binding upon ***us*** unless approved by ***us***." Nonetheless, without defendant's approval, Machado assigned to intervening plaintiff his right to payment under the policy of PIP benefits for the medical

services he had received; Machado made one assignment in November 2016 and another assignment in August 2017.

Defendant thereafter allegedly failed to fully reimburse plaintiff and intervening plaintiff for the services provided to Machado. Plaintiff initiated this action against defendant, and intervening plaintiff intervened in the action before the trial court, seeking payment of the assigned benefits. The trial court granted summary disposition of intervening plaintiff's claim in favor of defendant, concluding that Machado's assignments were barred by the anti-assignment clause in defendant's policy, and further concluding that the assignment was invalid because it was a partial assignment. Intervening plaintiff now appeals to this Court.[1]

## II. DISCUSSION

Intervening plaintiff contends on appeal that the trial court erred in finding that the anti-assignment provision of defendant's insurance policy precluded the insured from assigning the PIP benefits under the policy to intervening plaintiff. We agree.

We review a trial court's decision on a motion for summary disposition de novo. *Johnson v Vanderkooi*, 502 Mich 751, 761; 918 NW2d 785 (2018). When reviewing a trial court's decision granting summary disposition under MCR 2.116(C)(10), we consider all documentary evidence submitted by the parties in the light most favorable to the nonmoving party. *Dawoud v State Farm Mut Auto Ins Co*, 317 Mich App 517, 520; 895 NW2d 188 (2016). Summary disposition under MCR 2.116(C)(10) is warranted when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Id*. We also review de novo issues involving the proper interpretation of statutes and contracts. *Titan Ins Co v Hyten*, 491 Mich 547, 553; 817 NW2d 562 (2012).

Generally, insurance policies are contracts subject to the same construction principles that apply to any contract. *Titan Ins Co*, 491 Mich at 554. Unless a provision of a contract violates the law or a traditional defense to the enforceability of the contract, we construe an unambiguous contract as written. *Henry Ford Health System v Everest Nat'l Ins Co*, ___ Mich App ___, ___; ___ NW2d ___ (2018) (Docket No. 341563), slip op 2. A contract is considered ambiguous when it is equally susceptible to more than one meaning. *Id*. When, as here, the contract at issue involves the assignment of PIP benefits under a policy of no-fault insurance, we read the contract and the no-fault act, MCL 500.3101 *et seq*., together, as if the act were part of the contract. *Titan Ins Co*, 491 Mich at 554.

In *Covenant Med Ctr, Inc v State Farm Mut Auto Ins Co*, 500 Mich 191; 895 NW2d 490 (2017), the Michigan Supreme Court held that healthcare providers lack standing to bring a direct cause of action against insurers for PIP benefits. The Court also noted that its holding in that case was "not intended to alter an insured's ability to assign his or her right to past or presently due benefits to a healthcare provider." *Id*. at 217 n 40. Thereafter, in *Jawad A Shah MD, PC v State Farm Mut Auto Ins Co*, 324 Mich App 182; 920 NW2d 148 (2018), this Court

---

[1] Plaintiff Zamorano is not a party to this appeal.

held that an anti-assignment clause in a no-fault policy is unenforceable to prohibit an assignment that occurred after the loss or the accrual of the claim to payment "because such a prohibition of assignment violates Michigan public policy that is part of our common law as set forth by our Supreme Court." *Id*. at 200. In *Shah*, this Court quoted the Michigan Supreme Court's decision in *Roger Williams Ins Co v Carrington*, 43 Mich 252; 5 NW 303 (1880):

> The assignment having been made after the loss, did not require consent of the company. The provision of the policy forfeiting it for an assignment without the company's consent is invalid, so far as it applies to the transfer of an accrued cause of action. It is the absolute right of every person—secured in this State by statute—to assign such claims, and such a right cannot be thus prevented. It cannot concern the debtor, and it is against public policy. [*Shah*, 324 Mich App at 199, quoting *Roger Williams*, 43 Mich at 254.]

This Court concluded that, because our Supreme Court has never rejected the analysis from *Roger Williams*, it is controlling and, as a result, assignments made after a loss are valid and enforceable. *Shah*, 324 Mich App at 199-200. In accord, *Henry Ford*, ___ Mich App at ___, slip op 3, concluding that the anti-assignment clause of the defendant insurer's policy was unenforceable under the facts of that case, which this Court noted were identical to those of *Shah*.

The facts of this case are remarkably similar to those in *Shah* and *Henry Ford*. The insured in this case was allegedly injured in an automobile accident, allegedly received medical treatment from a health care provider, and the treatment allegedly represented allowable expenses under the policy and the act. Thereafter, the insured assigned his right to payment under his insurance policy to the healthcare provider, though the policy included an anti-assignment provision. That provision, as it relates to an agreement assigning a claim that has already accrued, is unenforceable as violative of Michigan public policy. *Shah*, 324 Mich App at 200. Following the precedent of *Shah* and *Henry Ford*, we conclude in this case that the anti-assignment provision in the policy issued to the insured by defendant does not operate to bar assignment of the insured's accrued cause of action. To the extent that defendant invites this Court to declare a conflict with *Shah*, we decline to do so for prudential reasons.

Intervening plaintiff also contends that the trial court erred in concluding that the assignment of PIP benefits was an impermissible partial assignment, and therefore invalid. Again, we agree. In *Henry Ford*, this Court addressed whether an assignment of less than an entire cause of action for PIP benefits is invalid as a partial assignment in light of the prohibition at common law against splitting a cause of action. *Henry Ford*, ___ Mich App at ___; slip op at 4-5. This Court concluded that the court rule governing the necessary joinder of parties, MCR 2.205, "replaced the common-law rule against splitting a cause of action[,]" and it does not require an insured to assign an entire cause of action in order for an assignment to be enforceable. *Id*. at ___; slip op at 4, quoting *United Servs Auto Ass'n v Nothelfer*, 195 Mich App 87, 89; 489 NW2d 150 (1992). This Court further reasoned that this analysis is supported by MCL 500.3142, which provides that PIP benefits are payable as the loss accrues, and therefore, the no-fault act "contemplates and requires a multitude of performances (i.e., payments) by the insurer[.]" *Henry Ford*, ___ Mich App at ___; slip op at 4. Joinder, rather than dismissal, is the proper remedy if "a proper disposition of the benefits sought by the healthcare provider requires

the presence of an additional party or parties[.]" *Id.* at ___; slip op at 4. We therefore conclude in this case that intervening plaintiff's cause of action is not invalid merely because Machado did not assign his entire cause of action to intervening plaintiff.[2] *Henry Ford*, ___ Mich App at ___; slip op at 4-5.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Christopher M. Murray
/s/ Michael F. Gadola
/s/ Jonathan Tukel

---

[2] Because *Shah* and *Henry Ford* control the disposition of this case in favor of intervening plaintiff, it is unnecessary for us to reach intervening plaintiff's alternative contentions that defendant lacks standing to challenge the assignments, that intervening plaintiff is an intended third party beneficiary under the policy, and that MCL 440.9408 renders ineffective any restriction on the assignment of health care insurance receivables.