*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

BACK IN MOTION CHIROPRACTIC, DC, PLLC,

Plaintiff-Appellant,

v

WESTFIELD INSURANCE COMPANY,

Defendant-Appellee.

UNPUBLISHED
April 16, 2019

No. 341791
Wayne Circuit Court
LC No. 17-006488-NF

Before: TUKEL, P.J., and K. F. KELLY and M. J. KELLY, JJ.

PER CURIAM.

In this suit seeking recovery of personal injury protection (PIP) benefits under the no-fault act, MCL 500.3101 *et seq.*, plaintiff appeals as of right the trial court's order granting defendant's motion for summary disposition. We reverse.

This case arises out of unpaid medical expenses, which Yasser Saad incurred and owed after being injured in an automobile accident. Plaintiff treated Saad following his accident, and defendant, a no-fault insurer, declined to pay these expenses on Saad's behalf. Saad ultimately assigned his rights to recover the PIP benefits to plaintiff, who brought action against defendant. The trial court granted summary disposition in favor of defendant because defendant's insurance policy had an antiassignment clause.

On appeal, plaintiff argues that the trial court erred in granting defendant's motion for summary disposition because any reliance on the policy's antiassignment clause was misplaced, as this Court has held that such antiassignment clauses are invalid as a matter of law. We agree.

"This Court reviews de novo the trial court's decision to grant or deny summary disposition." *Rory v Continental Ins Co*, 473 Mich 457, 464; 703 NW2d 23 (2005). Although defendant moved for summary disposition in part under MCR 2.116(C)(8), where a trial court considers materials outside the pleadings, this Court will treat the motion for summary disposition "as having been brought and decided under MCR 2.116(C)(10). *Jawad A Shah, MD, PC v State Farm Mut Auto Ins Co*, 324 Mich App 182, 206-207; 920 NW2d 148 (2018), lv pending. Here, the trial court's ruling was based on portions of the underlying insurance policy,

which were attached to defendant's motion for summary disposition and therefore not part of any pleading. See MCR 2.110(A) (defining what a "pleading" is). Therefore, because the trial court considered materials outside the pleadings, defendant's motion for summary disposition is to treated as having been brought and decided under MCR 2.116(C)(10).

The standard of review for reviewing a motion for summary disposition granted pursuant to MCR 2.116(C)(10) is as follows:

> A motion under MCR 2.116(C)(10) tests the factual sufficiency of the complaint. In evaluating a motion for summary disposition brought under this subsection, a trial court considers affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties, in the light most favorable to the party opposing the motion. Where the proffered evidence fails to establish a genuine issue regarding any material fact, the moving party is entitled to judgment as a matter of law. [*Shah*, 324 Mich App at 207 (quotation marks and citation omitted).]

Additionally, "questions involving the proper interpretation of a contract or the legal effect of a contractual clause are . . . reviewed de novo." *Rory*, 473 Mich at 464.

In *Covenant Med Ctr Inc v State Farm Mut Auto Ins Co*, 500 Mich 191, 196; 895 NW2d 490 (2017), our Supreme Court held "that healthcare providers do not possess a statutory cause of action against no-fault insurers for recovery of [PIP] benefits under the no-fault act." However, this decision was "not intended to alter an insured's ability to assign his or her right to past or presently due benefits to a healthcare provider." *Id*. at 217 n 40. Additionally, MCL 500.3143 provides, "An agreement for assignment of a right to benefits payable in the future is void." See also *Professional Rehab Assoc v State Farm Mut Auto Ins Co*, 228 Mich App 167, 172; 577 NW2d 909 (1998) (stating that only the assignment of *future* benefits is prohibited by MCL 500.3143).

Defendant, however, argues that despite assignments generally being allowed, in this case the antiassignment clause in the insurance policy prohibited Saad from assigning his rights to plaintiff. The insurance policy states, in pertinent part, "Your rights and duties under this policy may not be transferred without our written consent except in the case of death of an individual named insured." The language under this provision is unambiguous that defendant must consent to an assignment, which did not occur here. "Therefore, because the antiassignment clause is unambiguous, it must be enforced unless it violates the law or public policy." *Shah*, 324 Mich App at 198.

But in *Shah*, this Court held that such antiassignment clauses do violate public policy. *Id*. at 200. The *Shah* Court relied on our Supreme Court's decision in *Roger Williams Ins Co v Carrington*, 43 Mich 252, 254; 5 NW 303 (1880), which held that an antiassignment clause is unenforceable when the assignment applies to an accrued cause of action. The *Roger Williams* Court explained:

> The assignment having been made after the loss, did not require consent of the company. The provision of the policy forfeiting it for an assignment without the

company's consent is invalid, so far as it applies to the transfer of an accrued cause of action. It is the absolute right of every person—secured in this State by statute—to assign such claims, and such a right cannot be thus prevented. It cannot concern the debtor, and it is against public policy. [*Id.*]

Although defendant acknowledges *Shah*, it claims that *Shah* was erroneously decided. But *Shah* is binding on us pursuant to MCR 7.215(J)(1).

Additionally, in *Henry Ford Health Sys v Everest Nat'l Ins Co*, ___ Mich App ___, ___; ___ NW2d ___ (2018) (Docket No. 341563); slip op at 6, lv pending, this Court recently reaffirmed the holding in *Shah* and "conclude[d] that the anti-assignment clause in [the] defendant's insurance policy [was] unenforceable as against public policy to the extent that it attempt[ed] to restrict the insured's ability to assign an accrued claim."

Therefore, consistent with the controlling decisions of *Shah* and *Henry Ford Health*, the antiassignment clause in this case violates Michigan public policy because an antiassignment clause is unenforceable with respect to a postloss assignment of an accrued claim. *Henry Ford Health*, ___ Mich App at ___; slip op at 4; *Shah*, 324 Mich App at 198. Saad assigned the right to recover benefits for "services already provided," which expressly did not include "any future no-fault benefits." As a result, the antiassignment clause is unenforceable because it was against public policy.

Additionally, defendant's argument that it is exposed to multiple suits because Saad improperly split his cause of action and only assigned a portion of his claim lacks merit. In *Covenant*, 500 Mich at 217 n 40, our Supreme Court stated that an insured may assign its rights to medical providers for past or accrued rights. As a result, these medical providers can pursue claims against insurers, which can create multiple potential claims by multiple plaintiffs. Defendant's reliance on the common-law rule that prohibited the splitting of causes of action is misplaced, as that rule has been replaced by MCR 2.205. *Henry Ford Health*, ___ Mich App at ___; slip op at 5; *United Servs Auto Ass'n v Nothelfer*, 195 Mich App 87, 89; 489 NW2d 150 (1992). MCR 2.205(A) provides for the necessary joinder of certain parties:

Subject to the provisions of subrule (B) and MCR 3.501, persons having such interests in the subject matter of an action that their presence in the action is essential to permit the court to render complete relief must be made parties and aligned as plaintiffs or defendants in accordance with their respective interests.

As stated by this Court:

Because joinder is mandatory under MCR 2.205(A), rather than permissive, joinder is required for the benefit of the defendant and thereby places on the defendant the burden of objecting to misjoinder. *Thus, the defendant must make a timely assertion of the position that separate suits violate the rule prohibiting the splitting of actions*, modernly known as the joinder rule. If the defendant fails to make such a timely assertion, he waives his right to make such a claim; in effect, the defendant acquiesces in splitting causes of action by not raising timely

objection. [*United Servs Auto Ass'n*, 195 Mich App at 89-90 (quotation marks and citations omitted; emphasis added).]

Here, defendant has not requested joinder of any other individual or party as a necessary party plaintiff. Defendant's failure to seek joinder under MCR 2.205(A) waives its claim-splitting claims. *Id*. Accordingly, the trial court erred in granting defendant's motion for summary disposition.

Reversed. Plaintiff, as the prevailing party, may tax costs pursuant to MCR 7.219.

/s/ Jonathan Tukel
/s/ Kirsten Frank Kelly
/s/ Michael J. Kelly

-4-